205 So.2d 196 (1967)
BOWLERO, INC. et al., Plaintiffs-Appellants,
v.
Earl ALLEN, Defendant-Appellee.
No. 10901.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1967.
Wiener, Weiss & Wiener, Shreveport, Dow, Dow, Cogburn & Dow, Houston, Tex., for plaintiffs-appellants.
Blanchard, Walker, O'Quin & Roberts, Shreveport, Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendant-appellee.
Before AYRES, BOLIN and BARHAM, JJ.
BOLIN, Judge.
Bowlero, Incorporated, a Louisiana corporation, together with several individuals domiciled in Texas, filed this suit in Caddo Parish, Louisiana, for declaratory judgment against Earl Allen, also a Texas domiciliary, seeking determination of the legal responsibility of Bowlero on certificates of indebtedness issued by plaintiff corporation to co-plaintiffs. These certificates were eventually acquired by defendant through a series of endorsements. Allen, who was cited and served in Texas in accordance with the provisions of Louisiana Revised Statutes 13:3204, filed a declinatory exception of lack of jurisdiction over the person of defendant. This exception was sustained and plaintiffs appeal.
Under date of January 27, 1966, defendant executed five formal demand letters addressed to Bowlero, Inc., which were sent by registered mail. Two of these demand letters were directed to and received by Bowlero, Inc., in Shreveport, and appellants contend by mailing these demand letters defendant has made himself amenable to the jurisdiction of the Louisiana courts by reason of having "transacted business" within the state.
The sole issue, which we consider to be strictly a legal one, is whether the Louisiana Legislature has endowed the courts of this State with power to render a personal judgment against a non-resident defendant who is neither present nor personally served here, and whose only contact with Louisiana was the mailing of a demand letter to a Louisiana domiciliary.
The pertinent portions of Act 47 of 1964, now La.R.S. 13:3201 et seq., popularly *197 known as the "long arm" statute provide as follows:
§ 3201. "A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's (a) transacting any business in this state; (emphasis added)

* * * * * *
§ 3202. "When personal jurisdiction over a nonresident is based solely upon R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him.
§ 3203. "A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue under any provision of the Louisiana Code of Civil Procedure other than Article 42.
§ 3204. "A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
"Service of process so made has the same legal force and validity as personal service on the defendant in this state."
It is argued by appellants that these demand letters to Bowlero, Inc. amounted to a formal "putting in default" in the State of Louisiana and, being a juridical act or legal transaction under La.C.C. Article 1911, constituted "transacting any business" within the comprehension of the statute. It is further asserted the cause of action in the instant suit does not arise from the issuance of the certificates of indebtedness, nor from the subsequent transfers which admittedly took place in Texas, but rather from the "proximate" act of appellee, Earl Allen, in issuing a formal demand, or putting in default by means of a registered letter delivered in Louisiana.
In support of their argument appellants cite McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1957) and two other Federal cases. Reference is likewise made to the comments of the La. State Law Institute, found printed below the text of the "long arm" statute, La.R.S. 13:3201:
"(a) R.S. 13:3201 through 13:3207 were adopted on the recommendation of the Louisiana State Law Institute to permit the courts of this state to tap the full potential of jurisdiction in personam over non-residents permitted by International Shoe Co. v. State of Washington, 326 U. S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L. R. 1057 (1945) and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

* * * * * *
"(d) `Transacting Business', as used in Subdivision (a), is a term which is much broader than `doing business' as defined by earlier Louisiana cases, and the phrase `does * * * business' of Subdivision (d) conferring personal jurisdiction over a nonresident on a cause of action arising ex delicto or quasi ex delicto. It is intended to mean a single transaction of either interstate or intrastate business, and to be as broad as the phrase `engaged in a business activity' of R.S. 13:3471(1)."
In refutation of appellants' contentions counsel for appellee argues that the alleged cause of action sued upon did not arise from the transaction of any business by appellee in the State of Louisiana and, further, that assertion by Louisiana courts of in personam jurisdiction under the facts here involved would be a violation of the due process clause of the Federal Constitution.
Supporting his first contention appellee points out the cause of action between appellant *198 Bowlero and appellee involves not the effect of a letter but the interpretation and legal effect to be accorded Bowlero's corporate obligations. As between the other appellants and appellee, the cause of action involves the same issue, and, in addition, the liability of appellants as endorsers.
Secondly, appellee states that although the language of the statute is clear, appellants are apparently contending the legislature intended for the courts to assume personal jurisdiction over a non-resident in any situation in which the State Legislature might have constitutionally provided for such jurisdiction.
We do not here propose to delineate the borders of future legislation, nor to define the minimal contacts necessary to satisfy the due process clause of the United States Constitution, but confine ourselves to the determination of whether the act of mailing a registered letter of demand into Louisiana constituted "transacting any business" giving rise to this cause of action under La. R.S. 13:3201.
We perceive no basis for holding that Allen, by making a demand for payment to his debtors in Louisiana, has thereby transacted any business here. In the recent Louisiana decision of Moore v. Evans, 196 So.2d 839 (La.App.3d Cir.1967 writ refused) the Court of Appeal had before it the question of the constitutionality of the application of a Texas "long arm" statute to a Louisiana domiciliary who had signed a note in Louisiana payable in Texas. The holder of the note sued and obtained judgment in Texas against defendant who was served by substituted service. Plaintiff then filed suit in Louisiana seeking to have the judgment rendered in Texas recognized and made executory. The court upheld defendant's exception based on the following grounds:
"(1) that service in the Texas judgment was by substituted service on the defendant by serving the Secretary of State of the State of Texas; (2) that the judgment sought to be enforced in the instant case declares that the State of Texas has jurisdiction over defendant by virtue of the fact that he signed a promissory note payable to plaintiff in Texas; and (3) that Section 4 of the Texas statute under which substituted service was made is violative of the due process clause of the Fourteenth Amendment of the Constitution of the United States."
Judgment upholding the exception was affirmed, the court having this to say with regard to the facts viewed in the light of the Texas "long arm" statute:
"On the trial of the exception in the instant case the evidence reveals that the note sued on was executed by Geophysical Exploration Company, T. L. Evans and I. J. Anderson. It was signed by defendant Evans in Lafayette, Louisiana, but it provided that it was payable in Houston, Texas. * * * There is no showing that defendant did anything in connection with the note sued on except signing it as a co-maker in Louisiana, while we are aware that the case of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, has been modified if not overruled by International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, which held that a court can exercise jurisdiction over a nonresident on causes of action arising out of business conducted in the forum state and that due process under the Fourteenth Amendment of the United States Constitution requires only that in order to subject a defendant to a personal judgment, if he be not present within the territory of the forum, that he have certain minimum contacts within the forum state, nevertheless, we are of the opinion that plaintiff has not shown that defendant conducted any business in Texas so as to bring him within the doctrine of the International Shoe Co. case, supra.
"In the case of Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed. 2d 1283, the Court stated that as to minimal contacts necessary to sustain jurisdiction, `* * * it is essential in each *199 case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' (Emphasis added)
"We are of the further opinion that Section 4 of Article 2031b of Vernon's Texas Civil Statutes Annotated is unconstitutional insofar as it gives the Texas courts jurisdiction over defendant for a note signed in Louisiana but payable in Texas."
We consider the mailing of a demand letter from Texas to Louisiana to amount to no more "transaction of business" in Louisiana than did the signing of a note in Louisiana payable in Texas in the quoted case. Neither do we think defendant availed himself of the privilege of "conducting activities" within this State. We further conclude the cause of action did not arise out of the mailing nor receipt of the demand letters.
For the reasons assigned the judgment declining personal jurisdiction over defendant-appellee is affirmed at appellants' cost.
Affirmed.