228 So.2d 548 (1969)
Lenix STELLY, Plaintiff-Appellant,
v.
QUICK MANUFACTURING, INC., et al., Defendants-Appellees.
No. 2884.
Court of Appeal of Louisiana, Third Circuit.
November 25, 1969.
Rehearing Denied December 18, 1969.
*549 J. Minos Simon and Ronald E. Dauterive, Lafayette, for plaintiff-appellant.
Richard Kennedy, Lafayette, Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Lafayette, Henry B. Alsobrook, New Orleans, Pugh & Boudreaux, by Charles Boudreaux, Lafayette, Holt & Woodley, by Meredith T. Holt and A. William Mysing, Jr., Lake Charles, for defendants-appellees.
Before SAVOY, HOOD, and MILLER, JJ.
HOOD, Judge.
Plaintiff, Lenix Stelly, instituted this suit for damages, alleging as grounds therefor that he sustained personal injuries when a belt flew off a defectively designed power mower which he was using, and that the physicians who attended him failed to administer proper treatment for his injuries. Several defendants have been named in the suit, two of them being Quick Manufacturing, Inc. ("Quick") and Toro Manufacturing Corporation ("Toro").
Defendant Quick filed an exception to the jurisdiction of the trial court and an exception alleging that the citation and service of process on Quick was insufficient. Defendant Toro filed an exception to the jurisdiction of the court.
Judgment was rendered by the trial court on June 25, 1969, overruling the exception to the jurisdiction of the court filed by Quick, but sustaining the exception to the citation and service of process made on that defendant, and dismissing the suit as to defendant Quick. Judgment also was rendered by the trial court on June 26, 1969, sustaining the exception to the jurisdiction of the court filed by Toro, and dismissing the suit as to that defendant. Plaintiff has appealed from both of those judgments.
The sole issue presented here is whether the trial court erred in sustaining the exceptions filed by defendants Quick and Toro, and in dismissing the suit as to those defendants.
Initially, plaintiff sued only Quick Manufacturing, Inc., of Springfield, Ohio, and two individuals, alleging that Quick was a foreign corporation doing business in the State of Louisiana, and that it had no registered agent for service of process in this state. Plaintiff alleged that the names and addresses of Quick's agents, officers, or employees in Louisiana were unknown to him, and that he was unable to locate any office or place of business of Quick in this state despite a diligent search and effort. Pursuant to allegations contained in the petition, service of process and citation was made on Quick Manufacturing, Inc., through the Secretary of State of Louisiana. Quick thereupon filed a declinatory exception, alleging lack of jurisdiction and the insufficiency of service of process and citation on Quick through the Louisiana Secretary of State. Shortly thereafter, plaintiff filed a supplemental and amending petition, in which several individuals and an insurance company were named as additional defendants. Quick again filed a declinatory exception, alleging lack of jurisdiction and insufficiency of citation and service of process. The exceptions filed by Quick were tried and submitted on March 18, 1968, and the court then took the matter under advisement.
*550 On March 6, 1968, which was a few days before the above-mentioned declinatory exception was submitted, Quick filed a notice to take the oral deposition of plaintiff and another witness "for discovery and all other purposes pursuant to Louisiana Code of Civil Procedure." Both of these depositions were taken on March 29, 1968, but immediately prior to the time they were taken counsel for Quick formally announced that they were being taken for discovery purposes on behalf of Quick, "without any admission or waiver of any kind with the substance of the jurisdiction and with an affirmance of the denial that this court has jurisdiction."
Several months later, on December 12, 1968, the trial judge, with written reasons, overruled Quick's declinatory exception to the jurisdiction, but it sustained its exception to the citation and service of that defendant and dismissed the suit as to Quick. A formal decree to that effect was read and signed on January 31, 1969. The trial judge correctly found that Quick Manufacturing, Inc., was a corporation domiciled in Springfield, Ohio, and that it had no registered agent for service of process in Louisiana. It had been selling merchandise to retail dealers in Louisiana through orders received in Springfield, Ohio, and the merchandise so ordered was shipped directly from Springfield to the dealers. The evidence showed that Quick had a sales representative named B. G. Florey, who lived in Shreveport, Louisiana, and who serviced a five-state area. Mr. Florey's job was to visit retail dealers in Louisiana and other states, to take orders for merchandise and to transmit them to Quick in Springfield. Under these facts, the trial judge held that Quick had sufficient contacts with the State of Louisiana to subject it to the jurisdiction of the courts of this state under LSA-R.S. 13:3201. He also found, however, that plaintiff had not attempted to cite or to obtain service of process on a representative of Quick prior to having that defendant cited and served through the Secretary of State. The trial judge held that plaintiff had failed to comply with the provisions of LSA-R.S. 13:3471, and that the exception to service of process and citation filed by Quick should be maintained. No appeal has been taken from the judgment which was rendered on January 31, 1969.
Shortly after the above-mentioned judgment sustaining Quick's exception to citation and service was rendered, plaintiff obtained domiciliary service on B. G. Florey, in Caddo Parish, Louisiana. Quick then filed another exception to the citation and service of process, alleging as grounds therefor that service had not been made on anyone having authority to represent Quick Manufacturing, Inc. Quick also propounded interrogatories to B. G. Florey, who answered stating that he had not been employed by Quick since June, 1966, and that he had had no connection with that company since that date.
Plaintiff then filed a second supplemental petition, alleging that Toro Manufacturing Corporation had acquired the assets and had assumed the obligations and liabilities of Quick. He alleged that Toro was a foreign corporation of Minneapolis, Minnesota, that it was doing business in Louisiana, and that despite a diligent effort and search he had been unable to locate the names and addresses of any of Toro's agents, officers, or employees in Louisiana, or the location of any office or place of business of Toro in this state. Plaintiff prayed that Toro be made a party defendant, and that service of process be made on it through any officer, agent, or employee of Toro who might be found in Louisiana, and alternatively, pursuant to LSA-R.S. 13:3201 et seq., through the Secretary of State of Louisiana. The supplemental petition was accompanied by interrogatories propounded to Toro. Citation and service of process on Toro was made through the Secretary of State, and citation and service of process on Quick was made on J. J. Davidson, Jr., Quick's attorney of record. Quick again filed a declinatory exception, objecting to citation and service of process. Toro filed a similar exception alleging that it is not subject to the jurisdiction of the *551 court, and it also filed answers to the interrogatories propounded to it by plaintiff.
After hearing evidence on the exceptions, the trial judge found that service of process on Quick, through B. G. Florey, was ineffectual because Florey was no longer an agent or employee of Quick. He concluded that service of the second supplemental petition on Quick, through its attorney of record, was ineffectual since Quick's exception to citation and service was still pending and Quick had never made an appearance in the suit. The trial judge also determined that Toro was not doing business in Louisiana and had not had sufficient contact with this state to subject it to the jurisdiction of the Louisiana courts. In view of these findings, the trial judge concluded that the exception to citation and service of process filed by Quick, and the exception to the jurisdiction of the court filed by Toro, should be maintained. Judgments thus were rendered sustaining the exceptions and dismissing plaintiff's suit against Quick and Toro. It is from these judgments that plaintiff has appealed.

Exception Filed by Toro Manufacturing Corporation
Plaintiff contends primarily that Toro made a general appearance by filing answers to the interrogatories propounded to it by plaintiff, and that by doing so it waived its exception to the jurisdiction of the court.
A total of ten interrogatories were propounded to Toro by plaintiff. Four of them related to the question of whether Toro had acquired the assets of Quick, and the remaining six interrogatories related to the question of whether Toro was doing business in Louisiana or had any contacts with that state. All of the interrogatories thus related directly to the question of whether Toro could be subjected to the jurisdiction of a Louisiana court. In answering the interrogatories, Toro stated that it appeared therein "solely for the purpose of giving answers to interrogatories in connection with and subject to the exception to the jurisdiction filed by it, and for no other purpose whatsoever, and without in any way consenting to or admitting the jurisdiction of this court, but with full denial thereof * * *."
We have concluded that the filing of answers to the interrogatories which were propounded to Toro did not constitute a general appearance by that defendant.
Article 7 of the Louisiana Code of Civil Procedure provides, in part:
"Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than: * * *
(2) Extension of time within which to plead; * * *
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant. * * *
"When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance." (Emphasis added.)
Although this Article does not specifically list the filing of answers to interrogatories as pleadings which may be filed without subjecting the answering party to the jurisdiction of the court, we believe that a party who files answers to interrogatories cannot be said to be seeking "relief," as that term is used in Article 7.
The case of Stanley v. Jones, 197 La. 627, 2 So.2d 45 (1941), cited and relied on by plaintiff, is not applicable. There, the *552 court held that the defendant made a general appearance by filing a motion for an extension of time to plead and by cross examining a witness for plaintiff at a pretrial deposition. That case, however, has been legislatively overruled by the enactment of Article 7 of the Louisiana Code of Civil Procedure. See LSA-C.C.P. Article 7, Comment (c).
The interrogatories propounded by plaintiff to Toro were primarily designed to secure facts to establish the court's jurisdiction over Toro. We think the party excepting to the jurisdiction of the court has the right to present evidence in support of that exception, and that the offering of such evidence does not constitute a general appearance and a waiver of its exception. In the instant suit, had the evidence not been obtained by interrogatories and answers, then Toro would have been entitled to present evidence, either by testimony in court or by deposition, to show that the district court could not exercise personal jurisdiction over it. We thus agree with the trial court that the filing of answers to the interrogatories which were propounded to Toro did not constitute a general appearance by Toro or a waiver of its exception to the court's jurisdiction. See, Hancock v. Liberty Mutual Insurance Company, 155 So.2d 47 (La.App. 1 Cir.1963); Silk v. Sieling, D.C., 7 F.R.D. 576 (1947); General Industries Co. v. Birmingham Sound Reproducers, Ltd., D.C., 26 F.R.D. 559 (1961); Pueblo Trading Co. v. Reclamation District No. 1500, D.C., 4 F.R.D. 471 (1945); Ziegler Chemical and Mineral Corp. v. Standard Oil Co. of Cal., D.C., 32 F.R.D. 241 (1962).
Plaintiff contends, alternatively, that the trial judge erred in finding that Toro was not doing business in Louisiana. The evidence shows that Toro Manufacturing Corporation is a Minnesota corporation, with its principal place of business in that state. The corporation has no agents, representatives, or employees living or working in Louisiana, and it has not designated agents for service of process in that state. Toro does not sell its products to any person, company, partnership, corporation, association, or governmental body in Louisiana. It markets its products by sales to completely independent distributors who purchase the products for resale. Toro has no ownership in the distributors which purchases its products, it does not direct its distributors' activities, it does not finance its distributors' sales, and it does not make sales for the distributors. Its sales representatives sell to the distributors, and there are no distributors acting on Toro's behalf in Louisiana. Toro products have, on occasion, been forwarded to destinations in Louisiana, f.o.b. point of origin, pursuant to orders received by Toro, in Minnesota, from the independently owned and operated distributor of its products, Timberland-Toro Division of Timberland Saw Company, at Marshall, Texas. Toro is paid by Timberland for such products on invoices sent to Timberland, at its Texas office. No bills have ever been sent by Toro to anyone in Louisiana, nor have any payments been received from Louisiana. Toro maintains no office or warehouse in Louisiana, it has no telephone or mail location in that state, it owns no real or personal property there, and it is not authorized to do business in Louisiana.
Plaintiff argues that the fact that Toro ships some of its products directly to Louisiana pursuant to orders received from its Texas distributor, and the fact that Toro products are manufactured to be sold throughout the country, are sufficient proof that Toro is transacting business in Louisiana, or that it is contracting to supply services or things in Louisiana.
Louisiana has a legitimate interest in providing every citizen of this state who sustains an injury with a forum in which his claim arising out of that injury may be adjudged. The purpose of the Louisiana Long Arm Statute (LSA-R.S. 13:3471 et seq.) was to permit courts of Louisiana to exercise the full potential of jurisdiction in personam over foreign corporations allowed by recent decisions of the United *553 States Supreme Court. See Comments under LSA-R.S. 13:3471; McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1954); and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).
In the McGee case, the United States Supreme Court held that in order to subject a non-resident defendant to a judgment in personam, if he be not present within the territory of the forum, it is essential that "he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" We agree with the trial judge that Toro Manufacturing Corporation does not have the "minimum contacts" with the State of Louisiana which are necessary to subject it to the personal jurisdiction of the courts of this state. See, Moore v. Evans, 196 So.3d 839 (La.App. 3 Cir.1967); Fidelity Credit Company v. Bradford, 177 So.2d 635 (La. App. 3 Cir.1965); Bowlero, Inc. v. Allen, 205 So.2d 196 (La.App. 2 Cir.1967); Babineaux v. Southeastern Drilling Corporation, 170 So.2d 518 (La.App. 3 Cir.1965); Home Gas and Fuel Company v. Mississippi Tank Company, 143 So.2d 641 (La.App. 3 Cir.1962); and 29 La.L.Rev. 271.
We thus conclude that there was no error in the judgment appealed from which sustains the exception to the jurisdiction of the court filed by Toro and dismisses the suit as to that defendant.

Exceptions Filed by Quick Manufacturing, Inc.
Plaintiff contends that the trial judge erred in sustaining the declinatory exception filed by Quick, which exception challenges the validity of the citation and service of process on that defendant. The principal argument presented in support of that contention is that Quick waived citation and service of process by making a general appearance in the case.
The original petition and citation were served on Quick through the Secretary of State of Louisiana, contrary to the provisions of LSA-R.S. 13:3471. The trial judge thus correctly sustained the initial declinatory exception filed by Quick. Subsequent to the trial court's ruling, plaintiff attempted to serve and cite Quick through B. G. Florey, a Louisiana resident, and then through Quick's counsel of record. Other declinatory exceptions challenging the validity of the citation and service were filed by Quick, and the evidence taken on the trial of them showed that Florey was not an employee of Quick at the time of service and citation. The trial judge correctly ruled that Quick was not properly served and cited through Florey or through Quick's counsel of record.
Plaintiff, however, contends that the action of Quick in taking the deposition of plaintiff and another witness constituted a general appearance and a waiver of service of process and citation by Quick Manufacturing, Inc.
Quick, on the other hand, points out that the two discovery depositions taken by it were completed and filed in the record months before the trial court passed on and sustained the exceptions to the citation and service of process. The judgment of the trial court sustaining those exceptions was rendered on December 12, 1968. No application for a new trial or for a rehearing were filed seeking a change in that decree, and counsel for Quick argue that that judgment has become final and that it is not now before this court. They contend that the only citation and service of process which can be considered now are those which may have occurred after December 12, 1968, or after the formal decree was signed on January 31, 1969.
As we have already noted, Quick gave notice to plaintiff on March 6, 1968, of its intent to take these depositions. The exceptions to the citation and service had been filed prior to that time, and they were *554 tried and submitted to the court for decision on March 18, 1968. The depositions were actually taken on March 29, 1968, and they were filed in the record about three months later. A review of the record and of the reasons for judgment assigned by the trial court on December 12, 1968, shows that no issue was raised at that time as to whether Quick had made a general appearance by taking these discovery depositions, and thus whether it had waived its exception of insufficient service of process. Since the exceptions were submitted for decision prior to the taking of the depositions, and in view of the fact that no issue was raised at the time the judgment of December 12, 1968, was rendered as to a waiver of the exception, we conclude that plaintiff is not foreclosed from raising that issue here. We hold, therefore, that the question may be considered on this appeal as to whether the taking of the two discovery depositions by Quick constituted a general appearance and a waiver of the exception to citation and service which has been filed by that defendant.
The discovery depositions taken by Quick on March 29, 1968, were by oral examination. In the examinations, conducted at that time, the witnesses were questioned extensively about the merits of the case. The depositions thus were not limited to the issues raised by the exception to the citation and service of process. We think the taking of these discovery depositions by Quick must be construed as the making of a general appearance and seeking "relief," as that term is used in LSA-C.C.P. Art. 7.
We have considered the fact that the depositions were taken "without any admission or waiver" of the exceptions which had been filed. We do not believe, however, that Quick, by making such a statement prior to taking the depositions, can avoid the consequence of its act in seeking some specific relief in the trial court.
We also find no merit to the argument that a waiver of citation and service thereof is not valid unless made expressly and in writing, pursuant to the provisions of LSA-C.C.P. Art. 1201. The provisions of this article do not preclude a defendant from waiving citation and service of process by making a general appearance, as provided in Article 7 of the Louisiana Code of Civil Procedure. Gilman v. Babin, 195 So.2d 737 (La.App. 1 Cir. 1967); Mexic Bros. Inc. v. Sauviac, 191 So.2d 873 (La.App. 4 Cir.1966).
Our conclusion is that Quick has made a general appearance in the case, and that it thus has waived its exception or objection to the insufficient citation and service of process. The trial judge erred in sustaining the exception filed by Quick and in dismissing the suit as to that defendant.
For the reasons herein set out, the judgment appealed from which was signed by the district court on June 26, 1969, maintaining the exception to the jurisdiction filed by Toro Manufacturing Corporation and dismissing the suit as to that defendant, is affirmed. The judgment appealed from which was signed by the district court on June 25, 1969, dismissing this suit as to Quick Manufacturing, Inc., is reversed, and judgment is hereby rendered in favor of plaintiff, Lenix Stelly, and against Quick Manufacturing, Inc., overruling the exception to the citation and service of process filed by that defendant. One-half the costs of this appeal are assessed to plaintiff-appellant, and the remaining one-half of such costs are assessed to Quick Manufacturing, Inc.
Affirmed in part and reversed in part.

On Application for Rehearing

En Banc. Rehearing denied.