DOMENGEAUX, Judge.
Plaintiffs appeal the dismissal of their suit against two of the named defendants, Sterling Models, Inc. and Sig Manufacturing Company.
The plaintiffs are the parents of one Michael Bruce Moore, a minor, who was allegedly fatally injured when a self-propelled model airplane which he was operating struck a high voltage power transmission line. The defendants with whom we are herein concerned are Sterling Models, Inc., *704 distributor and alleged manufacturer of the airplane in question and Sig Manufacturing Company, alleged manufacturer of the control lines that were attached to the airplane at the time of the accident. Both defendants are non-residents of Louisiana, they having their domiciles in Philadelphia, Pennsylvania and Montezuma, Iowa, respectively. These defendants filed declinatory exceptions of lack of jurisdiction ratione personae, which were sustained by the district court, and plaintiffs’ suit against them was dismissed. Plaintiffs then appealed to this court.
In bringing the named defendants into this suit, plaintiffs invoked the long arm statute, LSA-R.S. 13:3201, which reads as follows:
§ 3201. Personal jurisdiction over nonresidents
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state. Added Acts 1964, No. 47, § 3.
Sig filed an affidavit of its president, and Sterling filed the deposition of its president, in support of their respective motions. Additionally the record contains various interrogatories and the answers thereto. The documents show that neither defendant has ever qualified to do business in Louisiana or maintained an agent, office, or place of business in this state. They have never advertised their wares in Louisiana, save that they do advertise in national periodicals, some of which are sold here. As a result Sig has made a few direct mail order sales to customers in Louisiana. Sterling has sold $6,609.72 worth of goods to an independent wholesaler in New Orleans, pursuant to its mail orders, and less than $100.00 worth to individual customers in this state, also by mail order, during the preceding four years. Neither defendant has appointed an agent for service of process in Louisiana, had an employee herein, or solicited business here except through the said national advertising. Neither had any interest in, used, or possessed any property of any kind in this state.
The comments of the Louisiana State Law Institute following LSA-R.S. 13:3201 tell us that it is intended to “ . . . permit the courts of this state to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).”
Those two United States Supreme Court cases set the test for personal jurisdiction over a nonresident defendant as being the existence of such minimum contacts with the forum state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice, coupled with such factors as cost, convenience, availability of evidence and the interest of the forum state in providing a means of redress for its residents.
That test was tempered in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 with the following language:
“But it is a mistake to assume that this trend heralds the eventual demise of all *705 restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the ‘minimal contacts’ with that State that are a prerequisite to its exercise of power over him. See International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed. 95.”
Using the above cases as guides, Louisiana has developed jurisprudence applying the principles therein followed to LSA-R.S. 13:3201 et seq. Some of the cases forming that jurisprudence are cited by plaintiffs in support of their contention that jurisdiction should be asserted over defendants.
First, they refer us to the case of Terasse v. Wisconsin Feeder Pig Marketing Coop., 202 So.2d 330. Therein the First Circuit Court of Appeal sustained jurisdiction over a Wisconsin corporation which sold dairy cows in Louisiana through the efforts of a commission salesman who was a resident of Tangipahoa Parish. The plaintiff had paid the salesman 10 percent of the purchase price in advance and paid the remaining 90 percent of the price to the driver of the truck that delivered the cattle to him. The delivery truck bore the name of the defendant corporation on its door, had Wisconsin license plates, and had been issued a Wisconsin Public Service Commission license. Under those facts the court found that defendant had engaged in a business activity sufficient to make it subject to the jurisdiction of Louisiana’s courts.
The case, however, bears no similarity to the one before us. Here we have no salesman, agent or representative of any kind. Neither do we have, insofar as can be determined from the record, the making of any agreement or payment of any sums in the State of Louisiana. The products that were sent into the state were ordered by mail and were either mailed or shipped by truck, presumably by a common carrier.
Plaintiff next cites Riverland Hardwood Co. v. Craftsman Hardwood Lbr. Co., La.App., 239 So.2d 465, affirmed by the Louisiana Supreme Court at 259 La. 635, 251 So.2d 45. In that case an Illinois corporation purchased $7,960.92 worth of lumber from a Louisiana plaintiff, and the suit was for recovery of the purchase price. It was shown that defendant had made two other such purchases in Louisiana and had advertised its products in trade publications that are distributed in this state. Both the Court of Appeal and the Supreme Court distinguished between buyers and sellers in interstate business, holding the burden on' sellers to be more onerous than that on buyers insofar as amenability to the jurisdiction of our courts is concerned. They held that there was no personal jurisdiction over the defendant in that case, however the Supreme Court specifically stated that it was not deciding the question of whether regular and systematic purchases in pursuit of business activities would meet the constitutional test of due process. The decision was really one based on due process of law, then, and not so much on whether the defendant was buyer or seller.
We certainly cannot base a decision in the case at bar on the implications, suggestions, and dicta contained in Riverland. Additionally we note that the cause of action in Riverland arose directly from the transaction of business by the defendant in Louisiana — it failed to pay the price of a purchase made herein, whereas in the case before us there is no allegation that the accident resulted directly from the defendants’ sales to Louisiana customers. The record is devoid of any evidence concerning where or from whom the deceased obtained the model airplane and its control lines. We therefore do not consider the Riverland case to be of much assistance in deciding the issue before us.
*706 Fisher v. Albany Machine & Supply Co., 246 So.2d 218; writ granted, 258 La. 905, 248 So.2d 332, is also cited by plaintiffs. Therein a nonresident defendant, who had defrayed the shipping costs for a display of its products in Louisiana, was in the habit of shipping its goods directly into Louisiana pursuant to orders solicited and received by an independent nonresident jobber, and whose products in this state were serviced by its employee, was held not to have satisfied the minimum contacts requirement which would establish jurisdiction, and was released from the suit. The court concluded that defendant had not engaged in such “purposeful activity” as would justify an assertion of jurisdiction. Writs were granted by the Supreme Court on the question of jurisdiction, but if it is correct, the opinion as it now stands rather defeats than supports plaintiffs’ position.
In the case at bar there was no showing of defendant’s wares within Louisiana, nor did defendant’s employee come into the state to service the products or for any other purpose. Hence there were more contacts in Fisher than in the instant case and the finding of lack of jurisdiction in the former can only be applied to plaintiffs’ position in a detrimental sense.
In a supplemental brief plaintiffs argue that defendant Sterling waived its exception to jurisdiction by making a general appearance in the cause in that it issued notice that it would take the deposition of one Edward Manulkin (its president) “ . . . for all purposes provided by law including perpetuation of the witnesses’ testimony . . . ”. This, say plaintiffs, constituted a general appearance and seeking relief as that term is used in La.Code of Civil Procedure, Art. 7, and they cite Stelly v. Quick Manufacturing, Inc., La.App., 228 So.2d 548. Therein we held that when a deposition is taken by a defendant, in the course of which the witness is questioned extensively regarding the merits of the case, and the deposition is thus not limited to the issues raised by the declinatory exception, the taking of such a deposition will be “ . . . construed as the making of a general appearance and seeking ‘relief,’ as that term is used in LSA-C.C.P. Art. 7”. We noted in the Stelly case that the depositions were said to be taken “without any admission or waiver” of the exceptions which had been filed, but held that making such a statement would not relieve defendant of the consequences of its act in seeking relief in the trial court. In other words, we disregarded the stated intent in taking the deposition and looked, instead to the actual line of questioning followed.
In the case at bar, the deposition which was taken by defendant Sterling pursuant to its above-said announcement was limited to questions and answers relevant to the exception of jurisdiction, and in no wise dealt with the merits of the case. Following the reasoning in Stelly, we opine that the fact that Sterling stated that its deposition would be taken for all purposes including perpetuation of the witness’ testimony is as irrelevant as was the statement in Stelly that the deposition was to be taken without any admission or waiver of the exceptions, and as we did there, we look to the matters actually considered in the deposition.
Elsewhere in Stelly v. Quick Manufacturing, Inc., supra, we wrote thusly:
“ . . . We think the party excepting to the jurisdiction of the court has the right to present evidence in support of that exception, and that the offering of such evidence does not constitute a general appearance and a waiver of its exception. In the instant suit, had the evidence not been obtained by interrogatories and answers, then Toro would have been entitled to present evidence, either by testimony in court or by deposition, to show that the district court could not exercise personal jurisdiction over it . . . ” (Emphasis added.)
Accordingly we hold that Sterling did not, by taking the deposition of Mr. Manul-kin, waive its exception to the jurisdiction of the court.
*707 Stelly is of further significance in that this court therein unanimously rejected the argument that a defendant’s manufacture of products for nationwide consumption coupled with direct shipments into the forum state, standing alone, satisfy the minimum contacts required for the assertion of jurisdiction, even though the allegedly defective product be found in the forum state.
Finally plaintiffs cite the recent case of Boykin v. Lindenkranar, La.App., 252 So.2d 467; writ refused on the basis that the judgment is not final, La., 254 So.2d 618. There the Fourth Circuit Court of Appeal upheld jurisdiction over a nonresident defendant whose product fatally injured a Louisiana resident.
The defendant, a Swedish corporation, manufactured cranes which it sold to a United States corporation that, in turn, marketed them in Louisiana. The evidence was to the effect that “most” of the large building cranes used in New Orleans were manufactured by relator, that there were at least nine such cranes in New Orleans, and that each cost approximately $50,000.00.
Although the holding of that case is probably correct on the basis that the defendant derives substantial revenue from goods used in this state and therefore is subject to jurisdiction under part (d) of LSA-R.S. 13:3201, the discussion contained in the opinion appears to extend the scope of jurisdiction beyond the bounds set by current jurisprudence. In any event the case is distinguishable from the one before us. There is no indication that “most” of the model airplanes used in Louisiana originate with defendants, and there is a vast difference between our defendants’ sales in the state of less than $7,000.00 over a four-year period and the crane manufacturer’s sales of over $450,000.00. We therefore do not feel compelled to follow the Boykin case in reaching our decision.
Having found that the jurisprudence, even as selectively cited by plaintiffs, does not support their position, we can only conclude that under the circumstances herein presented the defendants have not established such minimum contacts with the State of Louisiana as would justify an assertion of jurisdiction over them by our courts consistent with due process of law. Accordingly we find that the trial court was correct in sustaining the declinatory exceptions of Sterling Models, Inc. and Sig Manufacturing Company and dismissing them from the suit.
For the foregoing reasons, the judgment of the district court is affirmed at plaintiffs-appellants’ costs in both this and the district court.
Affirmed.