LOTTINGER, Judge.
This is a suit by Forrest House Apartments, a limited partnership, against the Louisiana Public Service Commission (hereinafter sometimes referred to as Commission) and Central Louisiana Electric Company, Inc. (hereinafter sometimes referred to as CLECO), alleging that its utility bills at an apartment building located in Pineville, Louisiana far exceeded those prevailing in the area because of the use of a demand meter installed by defendant, CLECO, with the approval of defendant, Commission. Plaintiff prayed for judgment declaring the Commission’s order granting and authorizing the use of the demand meter on plaintiff’s apartments unconstitutional and/or that the permitted use of the demand meter resulted in the imposition of rates and services charged by defendant, CLECO, which are unreasonable, unjust and discriminatory. It further prayed for damages against CLECO, as well as suing CLECO singularly under contract.
Both defendants filed declinatory exceptions to the jurisdiction of the court over the subject matter inasmuch as no rate hearing had been held before the Commission, and in addition, as to the allegation under a supposed contract, CLECO filed a declinatory exception to venue based on the proposition that it was domiciled in Rapides Parish, Louisiana. The Trial Court maintained all exceptions of both defendants, and the plaintiff has appealed, but only as to the Trial Court’s maintaining CLECO’s declinatory exception to venue.
Some twenty-eight interrogatories were attached to the petition when it was filed and were propounded to CLECO. After filing its declinatory exceptions to jurisdiction and venue, and after reserving all of its rights under the declinatory exceptions, defendant-CLECO filed a general objection to all of the interrogatories based on the ground that the court did not have jurisdiction over the subject matter and further *442 that the suit was filed in a court of improper venue. It further objected specifically to various interrogatories.
Plaintiff-appellant argues that CLECO has waived its objection to venue and jurisdiction over the subject matter by its general appearance in objecting to the interrogatories and citing in support thereof LSA-C. C.P. art. 7[1] and Stelly v. Quick Manufacturing, Inc., 228 So.2d 548 (La.App. 3rd Cir. 1969).
However, both LSA-C.C.P. art. 7 and Stelly v. Quick Manufacturing, Inc., supra, are concerned with the waiver of the objection to jurisdiction over the person, rather than venue, and thus are not controlling.
Venue in certain instances can be waived, LSA-C.C.P. art. 44, however, we are of the opinion that objection to interrogatories once the declinatory exception has been filed does not constitute such a waiver.
Furthermore, LSA-C.C.P. art. 1491 requires the objection to interrogatories be filed within 10 days of receipt of service, or the right to object is lost. We cannot conceive it to have been the intent of the legislature in adopting the Code of Civil Procedure to consider it a waiver of the declinatory exception of venue by objecting to interrogatories after the exception had been filed.
Therefore, for the above and foregoing reasons judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. LSA-C.C.P. art. 7 provides:
Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the non-residence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therewith when required by law, does not constitute a general appearance.