BYRNES, Judge.
Relator, the plaintiff Walter Bickham applied for supervisory writs to contest the decision of the trial court maintaining the exception of improper venue asserted by the respondent/defendant Sub Sea International, Inc.
The plaintiff Walter Bickham instituted the present suit seeking damages for injuries allegedly sustained while working aboard a vessel owned by the defendant, Sub Sea International, Inc. on December 1, 1991, in Mobile Bay. The suit was filed in the Civil District Court for the Parish Orleans on June 10, 1992. On June 25, 1992, the defendant filed its answer which included, in the same pleading, a declinatory exception of improper venue. The defendant, on July 6, 1992, propounded to the plaintiff interrogatories and a request for production of documents. The plaintiff responded to the defendant’s discovery requests on July 15, 1992 and August 24, 1992. The trial court considered the exception of improper venue on September 4, 1992 and on September 9, 1992, found that venue was *116 improper and transferred the case to Plaquemines Parish.
In sustaining the defendant’s exception of improper venue, the trial court found that the defendant had changed its principal place of business from New Orleans to Plaquemines Parish in 1991. The court stated:
Sub Sea filed its 1991 annual report on May 9, 1991. The report shows a change in Sub Sea’s principal business office from Orleans Parish to Plaquemines Parish. ■ Under R.S. 12:309(A)(3), a corporation may change the address of its principal office in its annual report. The annual report constitutes a declaration of intention to change domicile. See, La. C.C.P. art. 5251(12) and La.C.C. art. 43. When this suit was filed on June 10, 1992, venue in Orleans was improper.
In 1969, the defendant filed an application for a certificate for authority to do business in the State of Louisiana with the Secretary of State. In that application, the defendant named New Orleans as its principal business establishment. When the defendant filed its annual report with the Secretary of State on May 9, 1991, it noted a change in its principal business establishment to Engineers Road in Plaquemines Parish.
The plaintiff now seeks review of the trial court’s ruling arguing that the trial court erred (1) in not recognizing that the defendant had waived its declinatory exception of improper venue when it filed the exception in the same pleading as its answer; (2) in not finding that the defendant made a general appearance when it served upon the plaintiff certain discovery requests; (3) in not recognizing the alternative venue options of La.C.C.P. article 42(4), and by ignoring the express statutory language of La. R.S. 12:307 and 304, which provides the only means of amending the defendant’s certificate of authority to transact business; and (4) in upholding defendant’s exception of improper venue when the lawsuit was filed within one year from the date of defendant’s move from Orleans Parish to Plaquemines Parish.
LSA-C.C.P. art. 928 provides that all declinatory and dilatory exceptions "shall be pleaded prior to answer or judgment by default.” A party waives his right to bring a declinatory exception of improper venue when he fails to timely plead the exceptions. LSA-C.C.P. art. 44; Tucker v. Tucker, 378 So.2d 498 (La.App. 4th Cir. 1979). Code of Civil Procedure article 925 states, in pertinent part, that “[w]hen a defendant makes an appearance, all objections which may be raised through the dec-linatory exception, except the court’s lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein” (emphasis added).
In the present case, the defendant filed its exception of improper venue in combination with its answer to the plaintiff’s petition for damages as a single pleading.
Cases holding that the declinatory exception must be filed prior to filing an answer or making an appearance are not persuasive. We agree with those cases, but they do not apply here as they all deal with exceptions filed subsequent to the answer or appearance. None of them deal with a declinatory exception of improper venue and an answer that were filed simultaneously, much less in the same pleading, as was done in the instant case.
Only the old case of Tupery v. Edmondson, 32 La.Ann. 1146, 1148 (New Orleans 1880) appears to be truly relevant:
As to the jurisdiction of the Court, the defendant pleaded his declinatory exception to the jurisdiction rationae personae, too late. He should have declined the jurisdiction either before answering, and in limine titis, or if pleaded in his answer, previous to his answering to the merits. C.P. 334, 335, 336. The defendant appeared and in his answer before setting up his plea to jurisdiction did answer to the merits by denying generally, all the allegations of the plaintiff's petition. He thus waived his plea and brought himself within the jurisdiction of the Court and by tending the issue of general denial before pleading to the jurisdiction, became liable to personal judgment....
*117 Article 336 of the Louisiana Code of Practice of 1870 which was in effect at the time of the Tupery decision provided in pertinent part as follows:
Declinatory exceptions may be pleaded in the defendant’s answer previous to his answering to the merits....
This provision remained in effect until our current Code of Civil Procedure articles concerning exceptions were adopted in 1960.
It is the opinion of this Court that in the last paragraph of LSA-C.C.P. art. 925 where reference in made to an “appearance” and “unless pleaded therein” that this language is the current successor to the above quoted language from article 336 of the Louisiana Code of Practice of 1870 which permitted the inclusion of declinato-ry exceptions in the answer if placed before the answer in the pleading. The more general term “appearance” has replaced “answer” and “unless pleaded therein” has replaced “pleaded in the defendant’s answer.”
This interpretation is consistent with the elimination of meaningless procedural technicalities which was a prime goal of our current Code of Civil Procedure. See: LSA-C.C.P. art. 928 Comment (b). Moreover, any other interpretation would fail to give effect to the phrase “unless pleaded therein” rendering it nugatory. When interpreting statutes, it is presumed that every word, sentence, or provisions in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Revolta v. Regional Transit Authority, 607 So.2d 963 (La.App. 4 Cir.1992) writs applied for; Sanchez v. Sanchez, 582 So.2d 978, 980 (La.App. 1 Cir.1991). Additionally, the phrase “unless pleaded therein” no longer includes the requirement that the declinato-ry exception be pleaded first when combined with the answer. This is also consistent with the codal philosophy of doing away with meaningless technicalities as it should make no difference which comes first when they are contained in the same pleading.
Had Sub Sea taken no further action between the time it filed its combined answer and declinatory exception on June 25, 1992 and the trial of the exception on September 4, 1992 we would have found no waiver of the exception of improper venue. However, on July 6, 1992 Sub Sea propounded interrogatories and a request for production of documents to Mr. Bickham that went to the merits of the case, far beyond the scope of the issues raised by the exception. We hold that this is a seeking of “relief” as that term is used in LSA-C.C.P. art. 7 resulting in a general appearance by Sub Sea and a concomitant waiver of its declinatory exception of venue. Stelly v. Quick Manufacturing, Inc., 228 So.2d 548 (La.App. 3 Cir.1969).
In Stelly the court found that answering interrogatories did not constitute a seeking of “relief”, but that the taking of depositions did. We find that Sub Sea’s interrogatories and request for production of documents had the same effect as the taking of depositions in Stelly. Although there is a dearth of Louisiana authority directly on point, the holding in Stelly and our holding in the instant case are consistent with what little commentary exists on the issue outside of Louisiana:
The filing of interrogatories is considered as a general appearance, while answering an interrogatory has been held to constitute or not to constitute a general appearance. 6 C.J.S. Appearances, Sec. 30.
Sub . Sea’s actions in propounding interrogatories and a request for production of documents which went to the merits of the case were indicative of an intention to move the case forward in Orleans Parish and were inconsistent with the actions of a party that intended to resist venue. Such actions constitute a general appearance.
As we hold that the trial court was in error in considering the merits of Sub Sea’s exception of venue, we find it unnecessary to consider the third and fourth arguments raised by relator.
For the foregoing reasons, the trial court’s maintaining of defendant’s excep *118 tion of improper venue is reversed and set aside, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.