| iBARRY, Judge.
Defendants, William Rumbutis and Allstate Insurance Company, appeal an award of damages to Wallace Johnson and Deborah Johnson as a result of an automobile collision. Rumbutis also appeals the denial of his motion to annul the original judgment.
Defendants assert three arguments:
The trial court lacked jurisdiction over Rumbutis.
There is no proof that Allstate provided coverage to Rumbutis.
The award of future medical expenses was improper.

FACTS

On March 18, 1993, the date of the accident, Rumbutis (a resident of New York) was in New Orleans on a business trip.
On March 18, 1994 Johnson and his wife Deborah filed suit against Rumbutis and his alleged insurer, Allstate, seeking damages for personal injuries. An answer was filed by Allstate, but Rumbutis was never served. Allstate admitted it had issued an automobile liability policy to Rumbutis, but it did not admit or deny coverage for the accident.
^Wallace Johnson, Dr. Daniel Seltzer and Dr. Wanda Timpton testified for the John-sons. Allstate presented no witnesses and relied on the video deposition of Rumbutis.
At the conclusion of trial the judge admonished plaintiffs’ counsel that he did not introduce Allstate’s policy, which the judge assumed had been stipulated to. When plaintiffs’ attorney responded that he had the policy but was unable to locate it, the judge gave him until December 24 th (six days) to submit it. On December 20th plaintiffs filed a subpoena duces tecum directed to Allstate to produce a copy of the policy. On December 23rd Allstate moved to quash the subpoena because it violated the pretrial order requiring subpoenas to be issued at least 30 days prior to trial.
On January 22, 1997 without a hearing or judgment on Allstate’s motion, the court rendered judgment against Rumbutis and Allstate and awarded Johnson $2,195.00 for past medical expenses, $7,000.00 for future medical expenses, and $15,000.00 in general damages.
Defendants filed a motion to annul the judgment against Rumbutis on the ground that the court lacked personal jurisdiction. Following a hearing, the court denied the motion to annul and maintained the original judgment. Allstate and Rumbutis appeal both judgments.

JURISDICTION

La. C.C.P. Art. 6 provides:
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
1) The service of process on the defendant, or on his agent for the service of process;
2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
*672 |:i3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.[1]
The petition was not served on Rumbutis or his agent; therefore, the issue is whether Rumbutis submitted to the court’s jurisdiction within the provisions of Art. 6. La. C.C.P. Art. 7 states:[2]
Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
1) Entry or removal of the name of an attorney as counsel of record;
2) Extension of time within which to plead;
3) Security for costs;
4) Dissolution of an attachment issued on the ground of the non-residence of the defendant; or
5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
The record contains a motion for an extension of time to respond to the petition filed by Rumbutis and Allstate. All other defense pleadings, including an answer, a motion to compel, and a witness list were filed by Allstate. Defense counsel introduced himself at depositions and at trial as appearing on behalf of Allstate. Because the filing of a motion for extension of time is specifically exempted by Art. 7 from those actions which would constitute a general appearance, defendants argue that Rumbutis has not submitted to the jurisdiction of the court.
^Plaintiffs contend the videotaped deposition by Rumbutis constitutes a general appearance. The record contains the videotaped deposition taken by Allstate. Plaintiffs’ counsel was present and both attorneys questioned Rumbutis extensively about the case. At trial defense counsel for Allstate submitted the videotape into evidence in lieu of Mr. Rumbutis’s testimony.
Citing Stelly v. Quick Manufacturing, Inc., 228 So.2d 548 (La.App. 3rd Cir.1969), plaintiffs argue that the deposition was for discovery and constitutes a general appearance. We disagree. In Stelly the court found the defendant waived its exception of insufficiency of service and made a general appearance by taking, for discovery purposes, the deposition of the plaintiff and another witness on the merits. The court concluded that the two discovery depositions must be construed as seeking “relief’ within the terms of Art. 7 of the Code of Civil Procedure. 228 So.2d at 554.
Stelly does not apply due to a key distinction. Rumbutis did not take the deposition of another party, as the defendant in Stelly; rather, he gave testimony in a deposition noticed by counsel for Allstate.
Stelly is also inapplicable because the record supports defendants’ assertion that Rum-butis’s deposition was taken to perpetuate trial testimony, not for discovery. Rumbutis was named a fact witness on the list Allstate’s counsel submitted prior to trial. Defendants contend, and the record does not contradict, that Rumbutis traveled from his home in New York to New Orleans on October 22, 1996 to testify at trial, but the trial was continued. To prevent Rumbutis from having to travel to New Orleans a second time, counsel agreed to perpetuate his testimony via videotape. The videotape was submitted by Allstate at the trial and confirms defendants’ assertion. At the outset of the tape, after all parties have identified themselves, counsel for Allstate states: “For the record, let it be known 15that this deposition is being taken for perpetuation of trial testi *673 mony,” and counsel for plaintiffs audibly assents.
We hold that testimony on videotape for perpetuation by a defendant not otherwise subject to jurisdiction of the court does not constitute a general appearance. This is consistent with jurisprudence in this circuit that appearance at trial by an unserved defendant to testify on behalf of another defendant does not constitute a general appearance. Freire v. Wiles, 284 So.2d 817 (La.App. 4th Cir.1973). In Rawls v. Damare, 377 So.2d 1376 (La.App. 4th Cir.1979), writ denied, 380 So.2d 72 (La.1980), we held that the presence of a named but unserved defendant in a courtroom did not constitute an implied waiver of objection to jurisdiction; nor does filing an affidavit by an unserved defendant on behalf of a served defendant constitute a waiver.
It would be incongruous to hold that Rum-butis submitted to the jurisdiction of the court by giving videotaped testimony which was used at trial, when, under the jurisprudence, the same testimony would not have constituted a general appearance if Rumbutis had been present at trial.
Accordingly, we conclude that the trial court erred by assuming jurisdiction over Rumbutis. Defendants’ motion to annul the judgment as to Rumbutis is hereby granted.

PROOF OF INSURANCE COVERAGE

Allstate argues it was error to render a judgment when its alleged policy was not introduced into the record. Alternatively, Allstate argues for a retaand for a hearing on its motion to quash plaintiffs’ post-trial attempt to obtain the policy by a subpoena which did not comply with the court’s cutoff date for pretrial motions.
Plaintiffs respond that Allstate admitted the existence of its policy in its answer to the petition, and Allstate’s failure to produce the policy in response to the post-trial subpoena proves that the policy provided coverage.
1 (¡This issue is analogous to Mitchell v. Wall, 482 So.2d 817 (La.App. 4th Cir.1986); Lucas v. Doe, 371 So.2d 336 (La.App. 4th Cir.1979); and Carriere v. Triangle Auto Service, 340 So.2d 665 (La.App. 4th Cir.1977). In those cases the defendant’s answer admitted existence of an insurance policy and the appellate court remanded for introduction of the policy. In Hae Woo Youn v. Maritime Overseas Corporation, 605 So.2d 187 (La.App. 5th Cir.1992), the court remanded where defendants admitted the existence of the policy in their answer, but the policy was not produced. The appellate court reasoned that, although it was technically correct to require the plaintiff to introduce the policy and prove coverage, neither equity nor justice would be served by allowing the insurer to escape its coverage once it admitted existence of its policy. 605 So.2d at 210.
In view of Allstate’s admission, we remand for Allstate to produce its policy and for a determination as to whether the policy provides coverage.

FUTURE MEDICAL EXPENSES

Defendants argue that the trial court’s award of future medical expenses is incorrect because the court excluded rebuttal evidence. Defendants attempted to introduce medical records of plaintiffs treatment for a subsequent accident to rebut plaintiffs testimony that he was considering undergoing knee surgery. This testimony contradicted plaintiffs deposition. Defendants contend that the Plaza Medical Center records prove that plaintiffs knee was asymptomatic in April 1996.
The trial court excluded the records because defense counsel failed to list Plaza Medical Center on its witness or exhibit list. This exclusion was improper. The pretrial order required the parties to list expert and impeachment witnesses. Rebuttal witnesses cannot be listed on a pretrial order because the parties do not know who they will need to call in rebuttal. See Landeche v. McSwain, 96-0959 (La.App. 4 Cir. 2/5/97), 688 So.2d 1303, 1312 (Plotkin J., dissenting), writ denied 97-0557 (La.5/1/97), 693 So.2d 741. In the instant case, the defense could not have known prior to trial that plaintiff would contradict his deposition. Landeche v. McSwain is distinguishable because the court found that prior experts had addressed the same issues as the rebuttal witness would have *674 addressed, and that plaintiffs had offered “no valid justification for their failure to disclose [the rebuttal witness] any time before trial.” 688 So.2d at 1309.
The Plaza Medical records should have been admitted. We therefore instruct the trial court to consider this evidence on remand.
The judgment against defendant William Rumbutis is reversed. The judgment against Allstate is set aside. This matter is remanded for Allstate to produce its policy and for a determination as to the existence and extent of coverage, and further for consideration of the proffered evidence with respect to the award of future medical expenses.

REVERSED IN PART; REMANDED.

. Effective August 15, 1997, the Louisiana legislature changed the law to eliminate the concept of a general appearance and to provide that a waiver of objection to jurisdiction occurs only by the failure to timely file a declinatory exception. La. C.C.P. Art. 6(A)(3) now reads:
3) The submission of the parly to the exercise of jurisdiction over him personally by the court, or the waiver of objection to jurisdiction by failure to timely file the declinatory exception.

. La. C.C.P. Art. 7 was repealed effective August 15, 1997.