289 So.2d 299 (1973)
William W. LIDDELL, Jr., Individually and as Administrator of the Estate of his son, Stephen D. Liddell
v.
HANOVER INSURANCE COMPANY et al.
No. 9658.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Jacob D. Landry, New Iberia, for appellant.
W. Gerald Gaudet, Lafayette, for appellee Kellwood Co.
Robert S. Robertson, Morgan City, for appellees Henry Harrington and others.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
LOTTINGER, Judge.
Appellant, William W. Liddell, sued several defendants including Kellwood Company, appellee, as the manufacturer of a tent sold by Sears, Roebuck & Co. to Liddell. Liddell alleged that as a result of Kellwood's negligence in the manufacture of the tent, Stephen Liddell, William Liddell's son, sustained severe injuries when the tent was consumed in flames while Stephen Liddell was sleeping therein. Kellwood filed a declinatory exception of lack *300 of jurisdiction over the person of the defendant urging that it is a nonresident defendant and is not subject to suit in Louisiana. The Trial Court sustained Kellwood's exception and dismissed Kellwood on April 12, 1973. It is from this judgment that Liddell appeals.
It is admitted that the tent in question was purchased by Liddell from Sears. It is stipulated that Kellwood manufactures numerous products, sells them to Sears and that Sears resells at its Louisiana outlets and its outlets in other states. For purposes of this exception, it is conceded that Kellwood was the manufacturer of the tent in question. The tent in question was purchased by appellant from Sears at a store located in Oklahoma and was brought to Louisiana by appellant when he and his family moved from Oklahoma to Louisiana.
It is also important to note that when Kellwood and Sears began doing business, Kellwood shipped all of its products to the Sears terminal in Chicago, Illinois, and that, thereafter, Sears shipped the products to whatever store it desired. A change took place and instead of Kellwood shipping its products to Sears in Chicago, Sears commenced picking up the goods from Kellwood's manufacturing plant and transporting them to Chicago, from where Sears shipped the products to the stores that were to receive them. Kellwood and Sears admitted that it is possible that in exceptional circumstances Kellwood would ship directly to Sears store, but whether this was ever done or how often or few times it was done in Louisiana was not brought out. Kellwood does not advertise in Louisiana.
In addition, we quote one of the stipulations of the parties:
"It is stipulated by and between counsel for plaintiffs and counsel for defendants that the gross sales of Kellwood Company during the year, 1970, amounted to 266 million dollars ($266,000,000.00); that eighty percent of all said sales were made to Sears Roebuck and Company; and that a substantial amount of sales, revenuewise, was made by Kellwood Company to Sears, Roebuck & Company, which items were re-sold in Louisiana, said situation existing during all of the years which are pertinent to the exception to jurisdiction filed by Kellwood, including from 1960 to date." (Emphasis added)
With the above facts and stipulations in mind we can now explore the question of jurisdiction in this matter. Plaintiff-appellant claims Louisiana has jurisdiction over Kellwood by reason of R.S. 13:3201(d), which we quote:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's....
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent source of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; ..."
We now wish to quote a portion of the Written Reasons for Judgment of the Trial Court:
"I have carefully read and considered each of the cases cited in the excellent briefs submitted by able counsel for both parties as well as the provisions of the Louisiana Long Arm Statute (LSARS 13:3201 et seq) and have concluded that under the circumstances here presented the defendant, Kellwood, has not established such minimum contacts with the State of Louisiana as would justify an assertion of jurisdiction over it by the Courts of Louisiana. In my opinion, a mere showing that a manufacturer's products reach Louisiana in substantial quantities, without more, is not and *301 should not constitute a sufficient contact between the nonresident manufacturer and the State so as to subject the former to the jurisdiction of the latter. In my judgment to hold otherwise offends traditional notions of fair play and substantial justice and does violence to the doctrine established by the United States Supreme Court in the cases of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; and, McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. As stated in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283:
"`.... Those restrictions (on personal jurisdiction of State Courts) are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the minimal contacts with that State that are a prerequisite to its exercise of power over him. See International Shoe Co. v. State of Washington, 326 U.S. 310, 319; 66 S.Ct. 154, 90 L.Ed. 95.'"
Plaintiff-appellant relies on Boykin v. Lindenkranar, 252 So.2d 467 (4th Cir. 1971), rehearing denied. In Boykin, a large industrial crane, manufactured by a Swedish corporation, collapsed and killed plaintiff's husband on a New Orleans construction project. The crane was sold in Sweden to a New York corporation that marketed the product and its parts in this country and in Louisiana. The evidence showed that at least nine other construction cranes of the same manufacturer, each costing $50,000, were in use here. The Court of Appeal maintained jurisdiction over the Swedish Company, stating at p. 470:
"It appears to us that a manufacturer, whose products reach Louisiana in quantity that may reasonably be said to be substantial, is somehow successfully soliciting and doing business in Louisiana, for purposes of determining whether under R.S. 13:3201(d) he subjects himself to Louisiana's jurisdiction over a tort claim arising out of allegedly defective manufacture of his product outside of Louisiana.
* * * * * *
"In our opinion the intended breadth of R.S. 13:3201(d), for purposes of conferring jurisdiction in manufacturer's products liability cases, is not limited by traditional notions of contract privity; nor, for such purposes, is `independent contractor' as opposed to `agent' a defense to jurisdiction. These concepts have application where the cause of action arises out of a contract with, or the actions of, the independent contractor, for which the manufacturer would not even have liability. But where the independent contractor's only relation to the cause of action and to the jurisdiction is that it has served as the regular means of placing the manufacturer's products within the jurisdiction, it appears to us unreasonable to conclude that the manufacturer does not do business in the jurisdiction (for products liability purposes) because it does not directly sell its products in the jurisdiction."
In addition to the above case, we have studied Moore v. Central Louisiana Electric Company, Inc., 257 So.2d 702 (3rd Cir. 1972) which is the most recent product liability"long-arm" jurisdiction case which we find reported in Louisiana. The Lower Court found that it did not have jurisdiction, which holding was affirmed by the Court of Appeal on a finding that "the defendants have not established such minimum contacts with the State of Louisiana as would justify an assertion of jurisdiction over them by our courts consistent with due process of law." Judge Miller of the Court of Appeal wrote a dissenting opinion, including excellent citations, which sets out the source of Louisiana law on *302 this point as well as the jurisprudence of other states which have like "long-arm" statutes. The Supreme Court of Louisiana reversed based on R.S. 13:3201(d) which case is reported 273 So.2d 284 (1973), and held that Louisiana had jurisdiction. Michael Bruce Moore, age 14, was flying a model airplane when the airplane made contact with high voltage lines owned by Central Louisiana Electric Company, Inc. Electricity was conducted through the metal control lines of the model airplane to young Moore causing injuries resulting in his death. Moore's parents brought suit against defendants including Sterling Models, manufacturer or distributor of the model airplane; and Sig Manufacturing Company, manufacturer of the metal control lines. The Supreme Court found that both Sterling Models and Sig Manufacturing Company regularly do business in the State of Louisiana, and regularly engage in a persistent course of conduct in this state. It found that Sig Manufacturing Company intends to sell in Louisiana through national advertising, and does sell in Louisiana. The Supreme Court found no impediment to the exercise of jurisdiction over these nonresident defendants, either under our statutes or under the due process requirements of the United States Constitution. It pointed out that R.S. 13:3201(d) provides that Louisiana courts may exercise jurisdiction over a nonresident as to a cause of action arising from the nonresident's causing injury or damage in Louisiana by an act or omission outside of Louisiana if the defendant regularly does business, or solicits business, or engages in any other persistent course of conduct in this state.
The question before us is covered in 19 A.L.R.3d 13 et seq. We have read the compilation of material contained therein as well as the cases cited in the appendix to Judge Miller's descending opinion in Moore v. Central Louisiana Electric Company, La.App., 257 So.2d 702, 712. A good summary of the modern jurisprudential rule is found in Continental Oil Company v. Atwood & Morrill Company, 265 F. Supp. 692, 696 (D.C.Mont.1967), where the court quoted from an article in the Montana Law Review, "Personal Jurisdiction over nonresidents and Montana's New Rule 4B," 24 Mont.L.Rev. 3, 20.
"If the defendant sends goods into the state which cause injury within the state because of their defective manufacturing or packaging, he should be subject to that state's jurisdiction, whether the injured party dealt with the defendant directly or whether he purchased the defendant's goods through an independent contractor ...."
Louisiana's Long Arm Statute (R.S. 13:3201 et seq.) grants to the courts of Louisiana jurisdiction in personam over all types of nonresidents as permitted by the decisions of the United States Supreme Court. Henry G. McMahon, Civil Procedure, 25 La.L.Rev. 28. Louisiana State Law Institute comment (a) under LSA-R. S. 13:3201 specifically states that this legislation was offered and enacted "to permit the courts of this state to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)." (Emphasis added.)
Our Long Arm Statute is an adaptation, in civilian terminology, of Section 1.03(a) of the Proposed Uniform Interstate and International Procedure Act, which in turn is based on portions of the Long Arm Statutes of Illinois, Michigan, New York, Wisconsin and other states. See comment (b) under R.S. 13:3201.
In the case before us it is stipulated that, "a substantial amount of sales, revenuewise, was made by Kellwood Company to Sears, Roebuck & Co., which items were resold in Louisiana, ...." We feel that this stipulation squarely *303 brings this case within the wording of the final clause of R.S. 13:3201(d) which reads "or derives substantial revenue from goods used or consumed or services rendered, in this state."
We feel that the case before us is substantially similar to the Boykin case in which it was held that Louisiana had jurisdiction. In addition, the Moore case decided by the Supreme Court of Louisiana used a portion of R.S. 13:3201(d) other than we rely on here in finding that Louisiana had jurisdiction. Whereas the Trial Judge held that he did not find that Kellwood had such minimum contacts with the State of Louisiana as would justify an assertion of jurisdiction over it, we find that the manufacturer of a product who sells in its home or another state with knowledge that its product will systematically be resold and consumed or used in Louisiana, and who derives substantial income therefrom, has sufficient contact with this state for us to assert jurisdiction. The statute was passed for the purpose of giving Louisiana citizens maximum access to nonresident defendants. The state has a manifest interest in protecting its citizens who are commercially or physically injured by nonresidents. Louisiana's consumer protection should be commensurate with that of other forums.
Finally, counsel for appellant has directed our attention to an opinion rendered July 5, 1973 by Judge R. J. Putnam in Wells v. English Electrical, Limited et al., 60 F.R.D. 573, in the United States District Court for the Western District of Louisiana, Lafayette Division. Plaintiff was allegedly injured on October 20, 1971, when a small diesel Norman engine malfunctioned. The engine manufacturer and defendant, English Electric Diesels, Limited, is a foreign corporation organized under the laws of England. It employs no agents or personnel in Louisiana. It owns no property in Louisiana, it does not maintain an office in this state, it is not authorized to do business in this state, and has not in any manner appointed an agent for service of process in Louisiana. The defendant has not contracted to supply services or things in this state nor has it caused an injury by act or omission in this state. Defendant sells its engines and spare parts to Mid-Continent Supply Co. (Midco). Most engines are sold f. o. b. United Kingdom and if freight is prepaid, Midco reimburses defendant. To facilitate distribution of these engines in Louisiana, Midco has established four subdistributors in this state. Midco estimates total cumulative sales of Norman engine in Louisiana as of May, 1973, at $100,000.00, and states that sales are increasing. The U. S. District Court held that it obtained jurisdiction over defendant under Louisiana's "long arm" statute, R.S. 13:3201 et seq., upon finding that there had been an offense or quasi offense committed through an act or omission outside of Louisiana and that defendant has derived substantial revenue from goods used or consumed within Louisiana. Like our holding in the case before us, the federal court used the last portion of R.S. 13:3201(d) which pertains to deriving revenue from goods used or consumed or services rendered in Louisiana.
We find no impediment under due process requirements of the Constitution to the exercise of in personam jurisdiction over Kellwood Company.
For the foregoing reasons, the judgment of the District Court is reversed and the declinatory exception of Kellwood Company is overruled at its costs.
This cause is now remanded for further proceedings consistent with the views herein expressed and in accordance with law.
The appellee is assessed with the costs accruing in this court, all other costs to await final determination of this cause.
Reversed and remanded.