401 So.2d 366 (1981)
Buel Merritt BROWN
v.
DRILLERS, INC.
No. 13863.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Jesse R. Adams, Jr., New Orleans, for Drillers, Inc. and Employers Cas. Co.
Boris F. Navratil and Murphy Foster, Baton Rouge, for R. O. C., Inc.
Joseph Keogh, Baton Rouge, for Louis Records and Associates, Inc.
St. Paul Bourgeois, Lafayette, for Ralph Parsons Co., Gilbane Bldg. Co. and Parsons-Gilbane, a joint venture and/or partnership.
Charles Moore, Baton Rouge, for plaintiff.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action for personal injuries allegedly sustained by plaintiff Buel Merritt *367 Brown while engaged in welding on an oil rig owned by ROC, Inc. and leased by that corporation to Drillers, Inc. Among the various parties sought to be made defendants are Drillers and ROC. Jurisdiction is asserted over ROC, a corporation organized under the laws of Kansas, under Louisiana's "Long Arm Statute", LSA-R.S. 13:3201. ROC filed a declinatory exception to the jurisdiction of the trial court over the person, which was overruled. ROC applied to this court for supervisory writs, which were denied on the ground no irreparable injury had been shown. ROC then applied to the Louisiana Supreme Court, 390 So.2d 1346 for writs, and that Court ordered us to rule on the merits of the writ application. After a thorough review of the merits of the case, we conclude that the trial court had jurisdiction.
ROC contends that Louisiana's Long Arm Statute does not apply to the facts of the present case, or, to the extent it would apply, its application would violate Federal Fourteenth Amendment due process requirements for jurisdiction over the person as most recently set out in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). We find both contentions to be without merit.
ROC had no office in Kansas or Louisiana. It was never qualified to do business in Louisiana. Its major assets aside from stationery and the like consisted of two oil rigs, Rig No. 1, and Rig No. 10. From the time of its incorporation on March 30, 1977, only Rig No. 10 was in operation, and it was leased to Drillers after being leased to another concern until August, 1978. ROC had two stockholders, Max Dillard and Garvey Industries, Inc., each of which owned 50% of the stock. Max Dillard is the principal stockholder in Drillers. The president of ROC, Nelson Van Fleet, learned that Rig No. 10, upon which the plaintiff, Brown, was injured, had been brought to Louisiana by Drillers for drilling purposes in September or October of 1978. The alleged accident occurred in January of 1979 while the rig remained under lease to Drillers.
The Long Arm Statute reads as follows:
"Sec. 3201. Personal jurisdiction over nonresidents
A Court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's:
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
(e) Having an interest in, using or possessing a real right or immovable property in this state; or
(f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state.
(g) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state."
ROC falls under both Subsection (c) and Subsection (d). By an alleged act or omission in this state (ownership of an allegedly defective drilling rig situated in this state) it caused the injury sued upon. It therefore falls under Subsection (c). It also falls under Subsection (d), as it engages in a persistent course of conduct in this state in permitting a leased oil rig to remain here, and furthermore, it derives substantial revenue from the goods (rig) used in this state, as but for the use of the rig in this state for drilling purposes, there would be no lease and no rental payments. The case in favor of jurisdiction under the present facts is far stronger than in two cases cited by plaintiff-appellee, Boykin v. Lindenkranar, 252 So.2d 467 (La.App. 4th Cir. 1971) and Liddell v. Hanover Ins. Co., 289 So.2d 299 (La.
*368 App. 1st Cir. 1973), in which manufacturers were held subject to the jurisdiction of this state's courts solely on the basis that relatively substantial numbers of their products were used in Louisiana. In neither case did the manufacturer even own the manufactured article in question.
World-Wide Volkswagen, supra, involves a vastly dissimilar factual situation. In that case an Audi automobile making a single trip across Oklahoma was struck in the back by another automobile and the gas tank burst into flames, burning the owner and her two children. Suit was brought in Oklahoma on the ground that the design of the automobile was defective. The defendants named were inter alia, the retail dealer in New York and the regional distributor of Audi automobiles, whose territory was limited to the states of New York, New Jersey and Connecticut, the basis of the Oklahoma Court's supposed jurisdiction being Oklahoma's long arm statute. These defendants entered special appearances contending the Oklahoma courts were without jurisdiction. The United States Supreme Court reversed a determination by the Oklahoma Supreme Court that the Oklahoma courts had jurisdiction. Basically, an exercise of a state court's jurisdiction does not violate due process requirements if the defendant has certain minimum contacts with that state so that maintenance of the suit "does not offend `traditional notions of fair play and substantial justice'". International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Oklahoma courts were found to be without jurisdiction in the Volkswagen case because Oklahoma had only one connection with the stated defendants, the fact that they were responsible for the distribution and sale of the Audi in New York, which was involved in a collision on its single isolated trip through Oklahoma. In the present case, ROC was availing itself of the protection of Louisiana law in entering into a lease permitting its rig, its sole income producing asset, to be placed anywhere, including Louisiana. Although the rig was placed in Louisiana by the lessee, Drillers, ROC had substantial business inter-relations in the form of interlocking ownership with Drillers. Furthermore, ROC continued to own the rig, unlike the dealer and distributor of the Audi in Volkswagen. We do not find the application of the Louisiana Long Arm Statute to ROC to offend traditional notions of fair play or substantial justice or Fourteenth Amendment due process requirements.
The interlocutory judgment of the trial court overruling the declinatory exception of lack of personal jurisdiction is affirmed, at appellant's cost, and the case remanded for further proceedings.
AFFIRMED, WRIT DENIED.