LEMMON, Judge.
Mrs. Myrtle Gay, alleging that she became sick on November 20, 1965 after drinking a bottle of Coca Cola which contained foreign substances, filed a damage suit against Travelers Insurance Company. The suit further alleged:
“III
“That the Coca Cola soft drink was bottled and offered for public sale by Louisiana Coca Cola Bottling Company, Ltd., 1050 S. Jefferson David Parkway, New Orleans, Louisiana. (Emphasis supplied)
“IV
“That at the time of the above described accident the defendant, Travelers Insurance Company, was the liability insurer of Louisiana Coca Cola Bottling Company, Ltd.’’
In answer to interrogatories filed by Travelers, Mrs. Gay stated that she had purchased the drink from the Winn-Dixie Supermarket in Covington on the same day that she consumed it.
*579 Thereafter, Travelers filed an answer which contained the following averments:
“III
“Defendant denies the allegations of Paragraph III of plaintiffs’ petition for lack of sufficient information to justify a belief. (Emphasis supplied)
“IV
/‘Defendant admits the allegations of Paragraph IV of plaintiffs’ petition, but defendant avers that any policy of insurance in effect between Louisiana Coca Cola Bottling Company Ltd., and The Travelers Insurance Company is the best evidence of its own terms, conditions, coverages and limitations.”
At the trial on the merits Mrs. Gay and her daughter testified regarding the incident and the extent of her sickness. After counsel entered a joint stipulation on medical evidence, both sides rested.
In oral argument following the trial counsel for Travelers pointed out that Mrs. Gay had not offered any proof that Louisiana Coca Cola Bottling Company, Ltd. manufactured the product which caused the illness. Proof of bottling of the beverage which caused the damage is an essential element of this type of suit. Day v. Hammond Coca Cola Bottling Co., 53 So.2d 447 (La.App. 1 Cir. 1951). Because Mrs. Gay failed to prove that Travelers’ insured manufactured this particular beverage, the trial court dismissed the suit.
Mrs. Gay then applied for a new trial, alleging that because Travelers had made an offer of compromise and had defended the suit, her counsel was lulled into believing that manufacture of the product was not contested. To the application was attached a letter from Louisiana Coca Cola Bottling Co., Ltd., stating that the claim was being forwarded to its insurance carrier, and a letter from Travelers offering a check in settlement of the claim.
The motion for new trial was denied.
C.C.P. art. 1004 deems as admitted those allegations of fact in the petition which are not denied in the answer. The article further states:
“* * * If the defendant is without knowledge or information sufficient to justify a belief as to the truth of an allegation of fact made in the petition, he shall so state and this shall have the effect of a denial. * * *”
However, in this case the defendant was not without knowledge or information sufficient to justify a belief as to the allegation of manufacture. Defendant was informed prior to filing its answer of the date and place of the purchase of the bottle of Coca Cola, and with this information defendant’s insured knew whether or not it manufactured Coca Cola for sale in that franchise area at that time. In fact, defendant’s insured would have been the logical source of plaintiff’s discovery efforts, had she thought that this was at issue.
In Federal cases involving Federal Rule 8(b), the source of C.C.P. art. 1004, this form of denial has been held improper and insufficient to constitute a denial when an officer answering for a corporation has sufficient knowledge upon which to form a belief. See 1A Barron and Holtzoff, Federal Practice and Procedure § 277 (1960).
The purpose of the requirement of a specific or definite denial is to inform the opposing party of the issues which will be litigated in order that he may be prepared to meet them. Under the circumstances of this case and the pleadings cited, it is reasonable that plaintiff believed that identity of the manufacturer was not at issue. We would therefore prefer to reach a result based on the merits of the case, rather than to have a possibly otherwise meritorious suit dismissed because of technicalities in the pleadings. Since the record is complete, except as to the identity of the bottler, we could render a judgment on the merits, but Travelers may have proof that their insured did not manufacture this particular beverage. We therefore believe that substantial *580 justice would best be accomplished by remanding the case for further proceedings.
Accordingly, the judgment of the district court is set aside and the case is remanded for further proceedings.
Set aside and remanded.