340 So.2d 665 (1976)
David CARRIERE
v.
TRIANGLE AUTO SERVICE et al.
No. 7666.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1976.
Rehearing Denied January 12, 1977.
Pitard, Pitard & Porobil, Gregory M. Porobil, New Orleans, for plaintiff-appellee.
Bruce J. Borrello, Stephen L. Huber, Robert A. Katz, George J. Richaud, A. Miles Pratt, III, Metairie, for defendants-appellants.
Before LEMMON, GULOTTA, BOUTALL, MORIAL and BEER, JJ.
LEMMON, Judge.
The sole issue in this case is whether Liberty Mutual Insurance Company is liable for the damages sustained by plaintiff in an automobile accident caused by the negligence of Mrs. Wilma Hard.
The only allegation as to Liberty's Mutual liability was contained in Article III of the petition, as follows:
"That defendant, Liberty Mutual Insurance Company, is a foreign insurer authorized to do and doing business in the State of Louisiana, and had in full force *666 and effect a policy of liability insurance covering said Chevrolet truck owned by Triangle Auto Service and operated by Wilma Hard for the liability hereinafter asserted."
Plaintiff alleged no facts to suggest that Triangle either was individually liable for the accident or was vicariously liable for Mrs. Hard's negligence. Neither Triangle nor Mrs. Hard was served with the petition, and they made no appearance at trial.
Liberty Mutual's answer contained the following response to plaintiff's Article III:
"The allegations of article 3 are denied except to admit that at all times relevant herein Liberty Mutual Insurance Company did have in full force and effect a policy of liability insurance issued to Triangle Auto Service but avers that the same is a written contract and as such is the best evidence of its own terms, coverages, limitations and exclusions."
This allegation that Liberty Mutual issued a policy to Triangle is at most an admission of coverage of Triangle's liability. This pleading simply cannot be construed as anything but an unqualified denial that the policy provided any coverage whatsoever to Mrs. Hard.[1]
In an action on an insurance contract the plaintiff has the burden of pleading and proving that his claim falls within the general policy, while the insurer has the burden of proving exclusions from coverage. Myevre v. Continental Cas. Co., 245 So.2d 785 (La.App. 4th Cir. 1971). Liberty Mutual admitted issuance of a policy to Triangle and in the face of this admission perhaps would be required to plead and prove any exclusion to coverage for Triangle's liability. But neither the pleadings nor the evidence contain any suggestion that Triangle was liable for this accident, either independently for its own negligence or vicariously for Mrs. Hard's proved negligence. There was no showing or suggestion of any relationship between Triangle and Mrs. Hard.
Furthermore, it cannot be assumed that the policy admittedly issued to Triangle provided coverage to Mrs. Hard. Triangle is the only party for whom coverage can be presumed; any other party must be presumed not to be covered.
The record established only that Mrs. Hard was driving an automobile owned by Triangle. The policy is not in the record, and we therefore cannot determine (aside from the problem of sparsity of facts) whether Mrs. Hard qualified as an insured under the policy.
While this record contains insufficient evidence for us to impose liability upon the only defendant who was served, we note that Liberty Mutual obtained a statement from Mrs. Hard and issued a subpoena to her in care of Triangle. Since this suggests Mrs. Hard was employed by Triangle, and since we would prefer not to turn the decision on a point completely unrelated to the merits of the case, we remand the case solely for additional evidence as to whether Mrs. Hard was covered by the policy admittedly issued by Liberty Mutual to Triangle.
Accordingly, the judgment of the trial court is set aside, and the case is remanded for the evidence specified in the opinion. Costs will be assessed upon final disposition of the matter.
SET ASIDE AND REMANDED.
MORIAL, J., dissents and assigns reasons.
MORIAL, Judge (dissenting).
A plaintiff suing on an insurance contract has the burden of establishing the existence of the policy sued on, its terms and provisions, and that his claim is within its coverage. Boyd v. White, 123 So.2d 835 (La.App. 2 Cir. 1960). However, this rule is modified by the principle that once the existence of a liability policy is admitted, the burden shifts to the insurer to prove that an exclusion existed under the acknowledged policy. See B.T.U. Insulators, Inc. v. Maryland Casualty Co., 175 So.2d 899 (La.App. 2 Cir. 1965).
*667 Liberty admitted the existence of a liability policy it issued to Triangle Auto Service and, therefore, was bound by its answer. A plaintiff need not prove that which has been admitted in the pleadings. Johnson v. New Orleans Disposal Service, 289 So.2d 825 (La.App. 4 Cir. 1974). Therefore, the burden was on Liberty to prove the facts necessary to relieve it of liability under the existing policy. See B.T.U. Insulators, Inc. v. Maryland Casualty Co., supra.
Furthermore, after having admitted the existence of the liability policy in the manner and style in which it did, it was then incumbent upon Liberty to plead further any exclusion as an affirmative defense. LSA-C.C.P. Article 1005; Tudury v. Cooperative Cab Co., 265 So.2d 307 (La.App. 4 Cir. 1972). Liberty's failure to plead an affirmative defense precludes the introduction of proof to show the exclusion. Accordingly, a remand to afford an opportunity for proof to be submitted in this connection is, therefore, of no avail. Tudury v. Cooperative Cab Co., supra.
For the foregoing reasons I respectfully dissent.
NOTES
[1] Compare Gay v. Travelers Ins. Co., 262 So.2d 578 (La.App. 4th Cir. 1972).