371 So.2d 336 (1979)
Leonard LUCAS
v.
John DOE et al.
No. 10001.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Rehearing Denied June 11, 1979.
Harry T. Widmann, Daniel J. Caruso, Alford & Caruso, New Orleans, for plaintiff.
Joseph R. McMahon, Jr., Young, McMahon & Levert, New Orleans, for defendants.
Before REDMANN, BOUTALL and SCHOTT, JJ.
REDMANN, Judge.
At 2 a. m. on a Sunday plaintiff's automobile was rear-ended by a truck belonging to defendant American Rent-All, Inc. and perhaps insured by defendant Great American Insurance Company. From a $51,500 judgment for plaintiff on jury verdict, those defendants appeal.
We first agree with Rent-All that a showing of its truck driver's fault does not make it liable when the accident occurred in the middle of the night and Rent-All's business does not function after 5 p. m. We therefore reverse as to Rent-All on the basis that, although the record does support an inference that the driver was Rent-All's employee, the record does not support an inference that he was driving on Rent-All's business at the time of the accident.
We also agree with the insurer that no evidence of its having insured the truck was presented and thus the jury had no basis (not even the pleadings) upon which to hold the insurer liable. In response to the petition's allegation that it insured "against the negligence of" Rent-All and its employees and lessees, the insurer's answer denied it "except to aver that the policy of insurance is, itself, the best proof of its contents." That answer admitted the existence of a policy, but does not suffice as an admission that, for example, all liability of all employees is covered, or even that it is an automobile policy and one with an omnibus clause. As in Carriere v. Triangle Auto Svc., La.App. 4 Cir. 1977, 340 So.2d 665, we remand to allow plaintiff to obtain and introduce into evidence the policy. The question of law whether the policy affords coverage of an employee not in *337 course and scope but presumably with (limited) permission to drive may then be decided by the trial judge.
We do not now review the jury's assessment of quantum because that is unnecessary unless coverage is shown.
Reversed as to American Rent-All, Inc. at plaintiff's cost; set aside and remanded as to Great American Insurance Company with costs to await final outcome.