417 So.2d 860 (1982)
Gloria Marie ADAMS
v.
Wilbert J. POURCIAU and Allstate Insurance Company.
No. 12257.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
Rehearing Denied August 19, 1982.
*861 Gilbert E. Stampley, Harris and Stampley, New Orleans, for plaintiff-appellee.
Buckley & Ward, Joseph R. Ward, Jr., New Orleans, for defendants-appellants.
Before SCHOTT, GARRISON and KLEES, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court in accordance with a jury verdict granting to plaintiff damages in the amount of $20,000.00. From that judgment, which we affirm, defendant appeals.
On Sunday, February 5, 1978, at about 9:00 p. m., Gloria Adams was leaving the "Bacchus Extravaganza" held in the Superdome in New Orleans. The "Bacchus Extravaganza" was a combination rock concert and Bacchus parade. Adams was crossing Girod Street on foot when the accident occurred. She was struck by a vehicle driven by Wilbert J. Pourciau. Plaintiff suffered a fractured carpal navicular joint of the wrist and contusions about the lower extremities for which she was treated by Dr. Raymond Kitziger. Plaintiff was employed as a pharmacist at the K & B Drugstore at Claiborne and Napoleon. She missed 331.89 hours of work for the period of February 6, 1978 through March 30, 1978 as a result of the accident.
On appeal, defendant argues that the trier of fact was manifestly erroneous in finding defendant negligent.
Both plaintiff and defendant agree that the accident occurred on Girod Street, which is a six-lane street with three lanes of traffic traveling in either direction. Placing the post office on the far left and the Superdome on the far right, the six lanes of traffic are between those two entities, numbered from left to right one thorough six, respectively. Defendant's car was located in, and the accident occurred in, lane number one, closest to the post office. Lane three was blocked by three to four parked buses. Plaintiff was crossing from the Superdome side of Girod Street. She had successfully crossed lanes six through four when she stopped at lane three. Plaintiff testified that she walked between the parked buses, pausing to look at the traffic in the oncoming lanes before crossing. She had successfully crossed lane two when the accident occurred in lane one. Plaintiff testified that she was walking and that she was the last person to cross in a group of pedestrians who were crossing Girod Street at that time. She further testified that she had seen the Pourciau vehicle when she had stopped by the parked buses but that the vehicle was such a far distance away that she felt it presented no danger.
In contrast to plaintiff's testimony, Mr. Pourciau, the driver of the vehicle, and the three passengers, Mrs. Evelyn Pourciau, John Cavallino and Mrs. Rita Cavallino, all testified that plaintiff was running across the street when she ran into the right fender and flipped over the top of defendant's car. They also testified that there were no other pedestrians crossing Girod Street at the time of the accident.
On appeal, the standard of review to be applied by the appellate court is whether, in light of the evidence and testimony presented, the trier of fact was not merely erroneous, but manifestly erroneous in its factual determinations. Canter v. Koehring Co., 283 So.2d 716 (La., 1973); Arceneaux v. Dominguez, 365 So.2d 1330 (La., 1978). The factual issues in this case depend solely on an evaluation of the credibility of the witnesses. Plaintiff's attorney constantly questioned defendant and defendant's *862 witnesses on the duration and extent of their friendship, whether they had discussed the accident between and among themselves, whether they knew if defendant had insurance and, at one point, asked defendant's witness if the passengers had "agreed on a story." It appears that this line of questioning and the two radically diverse stories raised a credibility issue in the minds of the jury that was resolved in favor of the plaintiff. In any case, we may not substitute our own judgment for that of the trier of fact on issues of credibility.
Turning to the question of quantum, we note that plaintiff proved the following damages at trial:

Dr. Kitziger's Medical Bill $ 176.00
Hotel Dieu Emergency Room Bill 200.00
Lost Wages 2,799.07
 _________
Total Specials $3,175.07

Dr. Kitziger testified that plaintiff was under treatment for approximately 4½ months, that her wrist was initially placed in a splint, then a cast, and that after removal of the cast, she was prescribed warm soak treatments. He estimated that she retains 10% permanent disability of the wrist. Plaintiff also received treatment from Dr. Beverly Yount, but Yount's bill was not introduced. Likewise, plaintiff's answers to interrogatories show that she paid $75.00 for medication and $60.00 to a physical therapist, but neither of these items was introduced at trial; hence, they cannot be considered as part of an award.
Turning to the amount of quantum awarded, we note that the standard on review is whether the amount awarded constitutes a clear abuse of discretion. Plaintiff suffered a bruised and swollen thigh, a busted and swollen lip and a fractured carpal navicular joint of the wrist, all causing her to miss 331.89 hours, or 8.3 40-hour weeks, of work. While she suffers no occupational disability, she was diagnosed by Dr. Kitziger as having a 10% anatomical permanent disability and was required to wear both a splint and a cast. In light of the evidence presented, we cannot conclude that the amount awarded constitutes a clear abuse of discretion.
Allstate attempts to raise on appeal the question of policy coverage. Allstate argues that plaintiff failed to prove that Pourciau's policy covers the specific accident at issue in all particulars and that plaintiff failed to show that there is no excess issue. This issue was raised at trial by a motion for a directed verdict, which the trial judge denied. Denial of a directed verdict is not an appealable issue, but rather is an interlocutory order. Accordingly, it is improperly before this court and cannot be addressed.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
SCHOTT, J., dissents in part and concurs in part.
SCHOTT, Judge, dissenting in part and concurring in part.
Plaintiff testified that she suffered a bruised and swollen thigh and a busted and swollen lip in addition to the injured wrist for which she was treated at the emergency room of Hotel Dieu Hospital. The next day she saw Dr. Yount who referred her to Dr. Kitziger. She testified that her wrist still "snaps" periodically as of January 21, 1980, when the case was tried and it is painful when it snaps.
Although Dr. Kitziger assigned a ten per cent permanent disability to plaintiff's wrist, he explained that this disability would not be a functional disability for her in her occupation as a pharmacist. He stated that some future arthritic problems were "possible" but "not too likely" and this was the only basis for his assignment of a ten per cent permanent disability. He stated that she was only "slightly hurt."
Thus, plaintiff failed to prove that she sustained permanent injuries and the jury abused its discretion by awarding her almost $17,000.00 for relatively minor injuries from which she recovered in less than two months, except, perhaps, for the snapping which was inconsequential. A reduction of *863 the award for general damages is clearly warranted by the record since the jury abused its discretion.
As to Allstate's contention that plaintiff failed to prove insurance coverage, it raised this issue by a motion for a directed verdict pursuant to C.C.P. Art 1810. The trial judge denied this motion for the reason that Allstate in its answer to plaintiff's petition admitted the existence of the policy. However, it also denied any allegations tending "to enlarge, contradict, or contravene the terms, conditions, provisions, exclusions, or limitations of liability contained therein" and pled that the policy was the best evidence of its contents.
Assuming, for the sake of discussion, that the motion was incorrectly denied, Allstate is not entitled to a reversal of the judgment. The case continued after this motion was denied and Mr. and Mrs. Pourciau both testified that Allstate insured them for this accident. Allstate had the opportunity to produce its policy if limits of liability were a pertinent issue and it chose not to do so.
In Lucas v. Doe, 371 So.2d 336 (La.App. 4th Cir. 1979) and Carriere v. Triangle Auto Service, 340 So.2d 665 (La.App. 4th Cir. 1977) we were confronted with judgments against insurance companies under similar circumstances although the directed verdict problem was not there. Nonetheless, in each of those cases we remanded it to the trial court for a coverage determination, but we did not reverse the case.
In the present case a remand would serve no useful purpose on the question of coverage per se because that was established with the testimony of the Pourciaus. As to the extent of coverage, Allstate had the opportunity to produce its policy after the Pourciaus testified and by failing to do so acquiesced in that testimony.
Thus, I concur with the majority on the question of liability but respectfully dissent on the issue of quantum.