460 So.2d 16 (1984)
BALEHI MARINE, INC.
v.
FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY.
No. 83-CA-1184.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 14, 1985.
Patrick J. Berrigan, Slidell, for plaintiff-appellee.
Joseph R. Ward, Jr., New Orleans, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
This is an action by an insured against its insurer, seeking recovery under an insurance policy. From a judgment in favor of plaintiff, defendant appeals.
*17 The claim arose out of an accident on November 17, 1980, at Balehi's shipbuilding facility which resulted in the destruction of a forty-foot by sixty-foot section of a steel building. Balehi immediately notified Firemen's of the loss, and the Firemen's claim representative met with Balehi's representatives for an on-site inspection of the damage and to discuss the repair and the restoration of the building.
The damage caused a virtual shut-down of the shipbuilding operations, and the parties agreed that it was essential to make the repairs as quickly as possible so as to get the shipyard back in operation. With that goal in mind Balehi offered to use its crew and equipment to do the repair work. Clarke Harper, Firemen's adjuster, told Balehi to proceed with the work.
Balehi repaired the damage and sent Firemen's a bill for $60,550.42. Upon receiving the bill, Mr. Harper secured from other contractors estimates totaling $29,344.75 for the cost of the repair. He then subtracted the $1,000 deductible and forwarded a draft to Balehi in the amount of $28,344.75 for full payment of the claim. Balehi rejected the draft and filed this suit. Firemen's answered, admitting the existence of a policy, but adding that the policy itself was the best evidence of its contents, and denying any allegation that "may tend to enlarge, contradict or contravene the terms, provisions, exclusions, conditions and all other content of said policy." At the close of plaintiff's case, defendant moved for a directed verdict[1] on the grounds that the plaintiff had presented no evidence that the policy in question actually covered the loss sustained. The court simply denied the motion without giving any reasons, and Firemen's proceeded with its case.
Mr. Harper admitted that he told the Balehi representatives to begin the repair work, but the exact terms of that agreement are in dispute.[2] In his reasons for judgment, the trial judge dealt only with the dispute regarding the terms of the agreement, and consequently the amount of damages. He did not address the issue of coverage.
On appeal defendant again raises the issue of coverage as well as the issue of amount of damages. The party seeking to recover under an insurance policy has the burden of pleading and proving that his claim falls within the policy. Carriere v. Triangle Auto Service, 340 So.2d 665, 666 (La.App. 4th Cir.1976) (citing Myevre v. Continental Casualty Co., 245 So.2d 785 (La.App. 4th Cir.1971)). This is true despite the fact that defendant adjusted the claim, told Balehi to make the repairs, and even tendered a check to settle the claim. "[E]stoppel cannot be invoked to bring within the coverage of a[n insurance] policy... risks not included nor contemplated by its terms." Loubat v. Audubon Life Insurance Co., 248 La. 183, 177 So.2d 281, 283 (1965). See also Smith v. Republic National Life Insurance Co., 335 So.2d 739, 741 (La.App. 2d Cir.), cert. denied, 338 So.2d 706 (La.1976); Ledoux v. Old Republic Life Insurance Co., 233 So.2d 731, 735-36 (La.App. 3d Cir.1970).
The strength of this principle is apparent in Hunter v. Office of Health Services, 385 So.2d 928 (La.App. 2d Cir.), cert. denied, 393 So.2d 737 (La.1980), in which the insurer had misled the plaintiff by indicating it afforded coverage in its answer, and in answers to interrogatories, and by defending the action for five years. Nine days before trial, the insurer discovered there was no coverage under the policy, and then notified plaintiff thereof. Rejecting plaintiff's estoppel argument, the court said that to grant estoppel in that case would *18 effectively extend coverage beyond that set forth in the policy. Id. at 937-38.
We have found no evidence in the record that the insurance policy in question does cover the loss. The policy in evidence covers damage due to fire, lightning, wind, hail, explosion, smoke, aircraft or vehicles, riot, and vandalism, and provides that any other peril to be insured against must be by endorsement in writing on or added to the policy. Although both parties have alluded to the existence of a collapse hazard endorsement, there is none in the record.
When the insurer admits the existence of a policy but denies liability for the claimed loss and the policy is not in evidence, the court may remand to allow plaintiff to introduce the policy into evidence. See Lucas v. Doe, 371 So.2d 336 (La.App. 4th Cir.1979); Carriere v. Triangle Auto Service, 340 So.2d at 666. In the instant case, the policy was introduced, but the facts suggest that the policy in evidence may be incomplete. Therefore, we remand for additional evidence on the issue of coverage so that plaintiff may introduce the complete policy. We need not review the question of quantum until coverage is shown.
REMANDED.
NOTES
[1] In a non-jury trial, the proper procedure is a motion to dismiss on the grounds "that upon the facts and law, the plaintiff has shown no right to relief." LSA-C.C.P. art. 1672 B.
[2] According to Balehi, they agreed that Balehi would furnish at $20 per man hour, regular time, and $30 per man hour, overtime, and materials at cost plus 20%, while using its own equipment for the job at no additional charge. Firemen's contends, however, that Balehi was to do the job for a price that would not exceed the cost of having someone else do the work.