484 So.2d 813 (1986)
Gerald and Jonniece VARNADO
v.
INSURANCE CORPORATION OF AMERICA, et al.
No. 84 CA 1291.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Rehearing Denied March 31, 1986.
Writ Denied June 6, 1986.
R. Bruce Macmurdo, Baton Rouge, for plaintiffs-appellants Gerald Varnado and Jonniece Varnado.
Donald Zuber, Baton Rouge, for defendants-appellees Insurance Corp. of America and Richard Reina.
Before LOTTINGER, COLE and CRAIN, JJ.
CRAIN, Judge.
This is a legal malpractice case. The plaintiffs, Gerald and Jonniece Varnado appeal from a general jury verdict rendered against them in favor of defendant, Richard Reina, an attorney, and his insurer, Insurance Corporation of America. The plaintiffs allege damages as a result of the failure of Reina to include a mineral rights reservation in an act of sale he prepared.

FACTS
On April 14, 1978, the plaintiffs sold an undeveloped subdivision lot to Iris Ritter. They met with her at defendant's law office to close the sale. Also in attendance were two real estate agents, one representing *814 the plaintiffs and the other Mrs. Ritter. Mrs. Ritter's agent had selected Reina as the attorney to handle the closing. Neither Mrs. Ritter nor the Varnados had previously met him.
The Varnados and Mrs. Ritter executed a purchase agreement that contained the terms and conditions of the proposed sale and a description of the property. The purchase agreement contained an express stipulation that the Varnados were to retain all mineral rights on the property. The act of sale was prepared by Reina but it made no mention of mineral rights on the property.[1] This oversight was apparently not noticed by any of the parties at the time.
Mrs. Ritter conveyed the property to another party on March 19, 1979. Sometime prior to August 1980, Gerald Varnado discovered that the act of sale had not reserved the mineral rights on his behalf.[2] He contacted an attorney who contacted Reina. In September, 1980, Reina prepared an act of correction for the Varnados and Mrs. Ritter to sign. The act of correction was never executed as Mrs. Ritter had conveyed the property some 6 months earlier and the mineral rights along with it.
On September 14, 1982, over four years after the act of sale, the plaintiffs filed this suit. In answer to an amended petition, defendants pleaded prescription as an affirmative defense. During the jury trial defendants twice moved for a directed verdict on the grounds of prescription, once at the close of plaintiffs' case and again before closing arguments. Both motions were denied. The jury returned a general verdict finding Reina free from fault. Plaintiffs appeal and in response defendants reurge prescription in their brief. They also claim to have filed an exception of prescription in this court, but none appears of record.
The denial of a motion for a directed verdict is a nonappealable interlocutory judgment. Adams v. Pourciau, 417 So.2d 860 (La.App. 4th Cir.1982). Defendants as appellees, do not seek alteration of the favorable judgment on the merits, but reurge a defense in case the judgment should be overturned. Since appellees do not desire to have the judgment modified, revised or reversed, no answer to plaintiffs' appeal was necessary and the issue is properly before this court.[3] La.C.C.P. art. 2133. Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981). As we find merit in appellee's prescription argument, we need not address appellants' assignments of error.

PRESCRIPTION
The plaintiffs elicited expert testimony at trial to the effect that an attorney handling a real estate closing who has access to a purchase agreement and fails to include its terms and conditions in the act of sale (e.g. reserve mineral rights) fails to meet the standard of care, skill and diligence employed by prudent practicing attorneys in that community. Defendants do not contest this analysis and in fact admit such actions would constitute malpractice. However, there is a dispute over whether the purchase agreement was ever received. Also disputed is the nature of the conversation held during the closing and whether Reina discussed the reservation of mineral rights with both Mrs. Ritter and the Varnados. Plaintiffs claim that Reina stated that the mineral rights would be reserved and this amounted to an express guarantee *815 making the applicable prescriptive period ten years.
In this court's en banc decision in Cherokee Restaurant v. Pierson, 428 So.2d 995, 999 (La.App. 1st Cir.1983), writs denied, 431 So.2d 773 (La.1983), we held that:
A malpractice action against an attorney will now normally be subject to the one year prescriptive period of La.Civ. Code art. 3536. However, when an attorney expressly warrants a particular result, i.e., guarantees winning a lawsuit, guarantees title to property, guarantees or warrants the ultimate legal effect of his work product, or agrees to perform certain work and does nothing whatsoever, then clearly there would be an action in contract and the ten year prescriptive period of La.Civ. Code art. 3544 would apply.
In Cherokee the defendant attorney had agreed to prepare a lease with the longest term allowed by law. The attempt was unsuccessful as the lease he drafted calling for an infinite number of annual renewable options lacked a definite term. We held that the exercise of discretion that the attorney necessarily used in his judgmental process as to what he believed to be the law was contrary to the idea of having guaranteed a specific result.
Plaintiffs argue that here, unlike Cherokee, whether an act of sale contains a mineral rights reservation is a simple yes or no proposition involving no discretion. Consequently, it is argued, Reina did not insert a defective or invalid reservation due to some error of law on his part, but failed to include any attempt whatsoever at a reservation of mineral rights. However, the analysis of whether some discretion is exercised is not conclusive as to whether a result is guaranteed. It is simply a guide in determining whether or not an attorney expressly guarantees or warrants the ultimate legal effect of his work product. If an attempted mineral reservation was invalid due to some error of law, the question would still be whether or not the attorney guaranteed or warranted his result.
We have carefully reviewed the record and find no evidence to support the argument that Reina guaranteed or warranted a particular result. At best, the evidence indicates that Reina agreed to properly prepare an act of sale for the parties and that this act of sale would include the terms and conditions the parties agreed to between themselves, including a reservation of mineral rights. As such Reina agreed to render to the parties "professional expertise and that degree of care, skill and diligence which is exercised by prudent practicing attorneys." Cherokee, 428 So.2d at 999. The evidence does not support a guarantee or warranty of anything additional to the exercise of that standard of care that would be required by all attorneys in any legal undertaking. No express warranty was made to the plaintiffs. In fact the legal work was performed at the request of the buyers agent and the only contact between Reina and the plaintiffs would have taken place at the act of sale. At most, Reina's actions amounted to negligence, not the violation of an express warranty. Consequently, the applicable prescriptive period is one year.
Finally, plaintiffs argue that defendants failed to meet their burden of proving when the plaintiffs had sufficient notice to start the running of prescription. They argue that the tolling of prescription began, not when plaintiffs learned the deed did not contain the mineral reservation, but when they learned the sale could not be reformed. Assuming arguendo that the prescriptive period began to run from the date it was learned that reformation could no longer take place, we still find this claim has prescribed. The question is not only when plaintiffs knew the deed could not be reformed, but when they should have known. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970) held:
Whatever is notice enough to excite attention and put the [plaintiff] on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably *816 put the [plaintiff] on inquiry is sufficient to start the running of prescription.
Reformation was no longer possible after March 19, 1979. Plaintiffs had knowledge of the lack of a mineral reservation at least by August of 1980. At that point an inquiry was certainly called for, and would easily have led to the discovery that Mrs. Ritter no longer owned the property making reformation impossible. Suit was not filed until September 1982. This was too late.
For the above and foregoing reasons, the judgment of the lower court dismissing plaintiffs' suit with prejudice is affirmed. Appellants are to pay all costs.
AFFIRMED.
NOTES
[1] Neither Reina nor his ex-partner had any recollection of this matter. It was disputed whether Reina even attended the closing, but his name appeared on the documents.
[2] This discovery was apparently made as a result of an attempt to lease the mineral rights.
[3] We question whether the peremptory exception of prescription is properly pleaded by way of a motion for a directed verdict. However, pleadings should be interpreted according to their true meaning rather than according to their caption, in order to do substantial justice. (La.C.C.P. art. 865.) Cook v. Matherne, 432 So.2d 1039 (La.App. 1st Cir.1983) Accordingly, treating it as a denial of a peremptory exception of prescription reaches the same result.