510 So.2d 770 (1987)
Joyce OLIVER, et al.
v.
Samuel SAIA, et al.
No. 86 CA 0346.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
Rehearing Denied August 31, 1987.
James A. McCann, New Orleans, for plaintiff/first appellant Joyce Oliver.
Paul Jantz, Baton Rouge, for defendant/ third-party appellee Randall Arnold.
Charles Moore, Baton Rouge, for defendant/appellee Samuel Saia.
John Dale Powers, Baton Rouge, for defendant/third-party appellant Hertz Rental Co.
Richard Creed, Jr., Baton Rouge, for defendant/third-party appellee State Farm Ins.
David Kelly, Baton Rouge, for defendant/third-party appellee General Acc. Fire Ins.
Before EDWARDS, WATKINS and Le BLANC, JJ.
EDWARDS, Judge.
Joyce and Grady Oliver appeal the trial court's dismissal of their tort action against Hertz Equipment Rental Corporation. We affirm.
The accident which gave rise to this action occurred on February 24, 1982, on Louisiana Highway 427 in Ascension Parish. At about 7:00 p.m. Samuel J. Saia was operating a Hertz forklift carrying large boards on the north side of the highway, but so near the highway that the lumber extended onto the highway. Randall Arnold, who was proceeding west on the highway in a pickup truck, struck some of the lumber that protruded onto the road. One of the pieces of lumber was thrown into the air, and it struck the oncoming eastbound vehicle in which plaintiff was a passenger.
Made defendants were Saia; his insurers, General Accident Insurance Company, and American Liberty Insurance Company; *771 Hertz; Arnold; and State Farm,[1] the UM carrier for the car in which plaintiff was a passenger. Before trial the court dismissed General Accident; American Liberty; and Saia, to the extent that he was uninsured or insured by any company other than Hertz.[2] At the close of plaintiffs' case, the court directed a verdict in favor of State Farm. After trial the court found (1) no negligence on the part of either Arnold or Hertz, (2) that the accident was caused by Saia's negligence, and (3) that Saia was not insured by Hertz.
On appeal plaintiffs allege that the trial court erred in holding that Hertz did not insure Saia. Hertz was primarily self-insured, but had substantial excess coverage. Since there was no insurance document for Hertz's self-insurance, the parties agreed that whether Hertz insured Saia had to be determined by referring to the standard Insurance Service Organization form policy used by most major companies.
A party seeking recovery under an insurance policy has the burden of establishing coverage. Balehi Marine, Inc. v. Firemen's Ins. Co., 460 So.2d 16, 17 (La.App. 1st Cir.1984), cert. denied, 462 So.2d 654 (La.1985). Plaintiffs introduced no evidence that Saia was insured by Hertz, either under a standard business automobile policy or a standard comprehensive general liability policy. Plaintiffs' proof that Saia would have been insured under the excess coverage of the Birmingham Fire policy was irrelevant, since it would have come into play only after Hertz's liability went over $1,000,000. Neither could the Birmingham policy be used as an example of a standard insurance policy, since all experts agreed that the pertinent provisions were much broader than the standard form policy. Plaintiffs also argue that the Birmingham policy afforded primary coverage for occurrences not covered by Hertz's self-insurance. Yet plaintiffs did not make Birmingham a party, and therefore they could not get a judgment against it.
Plaintiffs also complain of the trial court's refusal to admit certain testimony of their insurance expert. Plaintiffs tendered Ronald Lee Passons as an expert in the field of insurance policy interpretation, but the court accepted him only in the field of general insurance. The court then would not allow him to testify on matters of policy interpretation. A trial court has discretion to qualify expert witnesses, and its determination will not be disturbed absent an abuse of that discretion. Brown v. Morgan, 449 So.2d 606, 608 (La.App. 1st Cir.1984). We find no abuse of discretion, but in any case, the proffered testimony of this witness is of absolutely no value to prove that Hertz insured Saia. It was directed solely at whether the Birmingham policy would cover Saia.
Hertz also appealed, assigning as error the trial court's conclusion that Arnold was not negligent. Based on the court's fact finding, which we do not find manifestly erroneous, see Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978), the court's conclusion is correct.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] State Farm filed third party demands against all other defendants, but those claims are no longer at issue.
[2] The court rendered summary judgment in favor of General Accident. American Liberty and Saia were dismissed pursuant to a settlement agreement with plaintiff.