559 So.2d 18 (1990)
Wayne D. NAQUIN
v.
Sandra ROBERT, et al.
No. 89-CA-1252.
Court of Appeals of Louisiana, Fourth Circuit.
March 14, 1990.
Writ Denied May 18, 1990.
*19 Elsie B. Halford, Metairie, for plaintiffappellee.
Robert S. Taylerson, Metairie, for defendants-appellants.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.
SCHOTT, Chief Judge.
This suit arose out of an agreement by plaintiff to purchase a piece of property in New Orleans. Because the agreement expired before he could take title, he alleges that he was deprived of profit he would have made on the property. He alleges that his loss was the fault of defendants, Sandra Robert, a real estate broker, and Robert Taylerson, a notary public, who was employed to pass the act of sale. Before trial, plaintiff settled with the broker. The trial court awarded plaintiff a judgment for $5,000 against Taylerson and he has appealed.
On February 9, 1983, plaintiff offered to purchase the property from John Ward who accepted the offer on February 10. The agreement provided that the sale was to be passed before the purchaser's notary on or before April 1, 1983. Shortly afterward, Sandra Robert, the real estate broker, with plaintiff's consent, employed Taylerson to pass the act of sale. In preparation for the sale, Taylerson, on March 22, 1983, ordered conveyance, mortgage, tax research, and paving certificates on the property. These were issued on March 23 and 24, and were in Taylerson's possession on Monday, March 28, at which time he was prepared to pass the act of sale.
The contract required the sale to be passed on or before April 1, 1983. This was Good Friday and the beginning, for many, of the Easter weekend. Taylerson had advised Robert early on that his office would be closed on Good Friday and that he would not pass the sale that day. He testified that he was out of town from March 26 through March 29, but that he told Robert he could have passed the sale on March 30 or 31. It appears that Ward could have conveyed title at any time. In the meantime, plaintiff was considering the possibility of an out of town trip for the weekend beginning April 1, so he instructed Robert to have the real estate agreement extended. On March 26, he signed an extension agreement on a form provided by Robert which would have extended the agreement until April 9; and Robert undertook to have it signed by Ward. She advised Taylerson that she was trying to get the extension from Ward.
From the time John Ward first became involved in the transaction, he was represented by his son, Charles R. Ward, who is a judge on this court. On March 26, Robert *20 called Judge Ward to ask for the extension, and he told her he would not recommend that his father sign the agreement. He told Robert to deliver the form to him for presentation to his father. Robert did not bring the agreement to Judge Ward, but placed it in the father's mailbox on March 28. On his son's advice, John Ward declined to sign it. On March 30, Judge Ward wrote to plaintiff reminding him that the contract would expire on April 1 and tendering title to him. Plaintiff testified that he received this letter on March 31, he called Robert about it, and she told him there was no problem because he could invoke a sixty-day extension to perform curative work on the title.
On April 5, Taylerson wrote to Judge Ward advising him that there were two open inscriptions on the mortgage certificate which had to be cleared. He stated: "In light of the two inscriptions, I feel on behalf of Riverbend Realty, Inc. [this is Sandra Robert], that the curative clause on lines 34 and 35 of the agreement to purchase has automatically been invoked and the contract has been extended for an additional sixty days."
The trial court held that Taylerson had failed to perform the notarial work in a timely fashion, and, as a result of his negligence, plaintiff was unable to purchase the property for the contract price. The court awarded damages based upon the theory that the property was worth more than plaintiff would have paid under the expired agreement.
In her reasons for judgment, the trial judge noted that Taylerson ignored letters and telephone calls from Judge Ward. She also commented that Taylerson's testimony that he had the certificates in his possession on March 23 or 24 was inconsistent with his April 5 letter to Judge Ward stating that he had the certificates on March 28. From the observations the trial judge made, it is clear that she questioned Taylerson's credibility and found he was at fault in the manner he handled the transaction. This finding is not clearly wrong. Taylerson's credibility is also diminished by his representation to Judge Ward that the inscriptions on the mortgage certificate constituted title flaws sufficient to trigger the sixty-day extension in the agreement. These inscriptions were of a mortgage which had been paid by John Ward who had the note in his possession; and of a judgment against some third party with the same name as John Ward. Both inscriptions could have been easily cancelled and would not have delayed passing the sale. Taylerson knew or should have known this.
Although the record demonstrates these shortcomings and deficiencies on Taylerson's part, none of these was a cause-in-fact of plaintiff's loss. The trial court's conclusion that this was the causein-fact was clearly wrong. The record provides a clear inference that plaintiff was not in a hurry to purchase this property, so there was no reason for Taylerson to begin his work until March 22. The agreement would not expire until April 2, so the week of Monday, March 28 was the logical period in which to pass the sale. Taylerson had the certificates in hand on March 28. He had ruled out April 1, which is understandable since this was Good Friday, widely observed as a holiday in the New Orleans area. However, the sale could have been scheduled for March 30 or 31, and none of Taylerson's shortcomings prevented this. Taylerson's actions were within the standard of care of a reasonably skilled and prudent notary in the same community. See Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 761 (La.1985); Varnado v. Insurance Corp. of America, 484 So.2d 813, 814 (La.App. 1 Cir.), writ denied 489 So.2d 248 (La.1986); Anderson v. Hinrichs, 457 So.2d 225, 226-27 (La.App. 4 Cir.), writ denied 462 So.2d 192, 196 (La. 1984). The sole cause of the failure to pass the act of sale on one of those days was the negligence of the real estate broker, Sandra Robert.
On March 26, Robert had in her possession an extension proposed and signed by plaintiff. She knew that she had to show the document to Judge Ward before presenting it to his father, and she also knew from her conversation with Judge Ward that he was going to recommend *21 against his father's signing it. She also knew that the only possible dates remaining for passing the sale were March 28, 29, 30, 31. Under these circumstances, any reasonable and prudent broker would have taken the document to Judge Ward immediately after getting it from plaintiff, and, immediately thereafter, she would have presented it to John Ward. Had she acted in this manner she would have known on March 28 that the agreement was not going to be extended and there would have been ample time remaining to bring the parties together for the sale before April 1. Instead, she never showed the agreement to Judge Ward and put it in John Ward's mail box on March 28. According to plaintiff, he received Judge Ward's letter on March 31 tendering title and he called Robert who erroneously stated that the agreement could be automatically extended for sixty days to cure supposed title defects of which there were none. Thus, for the crucial period when the sale could have been passed by Taylerson, the matter was wholly in Robert's hands. Because of her dereliction alone, these critical days were squandered and the agreement expired.
A real estate "broker/agent owes a specific duty to communicate accurate information to seller or purchaser, or both when the circumstances warrant." Reeves v. Stan Weber, 509 So.2d 158, 160 (La.App. 1 Cir.1987). In this case the broker did not communicate accurate information concerning the expiration or extension of the contract either to the seller or to the purchaser. A real estate broker has the duty to take the necessary steps to bring a signed contract for purchase of real property to act of sale within the time period designated by the contract. Her fault was the sole cause of plaintiff's loss.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of defendant, Robert S. Taylerson, and against plaintiff, Wayne Naquin, dismissing his suit at his cost.
REVERSED AND RENDERED.